## ADAMS v. SIEFFERMAN.
### No. 2694.

Court of Civil Appeals of Texas. Waco.
Oct. 17, 1946.

Rehearing Denied Nov. 27, 1946.

W. E. Pinkston and W. H. Hall, both of Dallas, for appellant.

Herbert Marshall, of Dallas, for appellee.

HALE, Justice.

Appellee sued appellant for the recovery of property damage resulting from an automobile collision which occurred at a street intersection in the City of Dallas. As grounds of the recovery sought appellee alleged in substance that he was driving his automobile in an easterly direction along Live Oak Street while appellant was driving west along the same street and as the two cars entered the intersection with Oak Street appellant attempted to make a left-hand turn without going past the center line in Oak Street, thereby causing the collision. He charged actionable negligence against appellant in three particulars, viz.: (1) failure to keep a proper lookout; (2) failure to give proper signal of his intention to make a left hand turn, and (3) failure to go past the middle of Oak Street before making a left-hand turn.

Appellant answered with a general denial and a cross-action whereby he sought recovery for damage to his automobile resulting from the collision. As grounds of the recovery thus sought by appellant he charged appellee with actionable negligence in the following particulars, viz.: (1) failure to keep a proper lookout; (2) driving at an excessive rate of speed, (3) failure to have his automobile under control, and (4) failure "to use the rule of discovered peril."

The case was submitted to a jury on special issues in response to which the jury found substantially as follows: neither party failed to keep a proper lookout; appellant did not fail to give proper signal of his intention to make a left-hand turn; appellant did fail to go past the middle of Oak Street on Live Oak Street before mak-

ing a left-hand turn and such failure constituted negligence on his part and a proximate cause of the collision; appellee was not driving at an excessive rate of speed, did not fail to have his car under control and appellant was not in a position of peril and danger immediately prior to the time of the collision; and the difference between the market value of appellee's car immediately before and after the collision was $300. The court rendered judgment on the verdict that appellee recover of appellant the sum of $300 and that appellant take nothing by his cross-action.

Appellant made no objection whatsoever to the court's charge or to the submission of any special issue, definition or instruction therein contained. However, after the verdict of the jury had been returned, he then filed a motion to set aside the verdict and declare a mistrial upon the grounds that the findings of the jury against him were without any support in the evidence and such findings were each against the preponderance of the evidence. The trial court overruled this motion and appellant excepted. Thereafter appellant filed his motion for new trial which was based upon substantially the same grounds as the prior motion to set aside the verdict of the jury. The motion for new trial was overruled and the cause is now properly pending before this court for review on appeal.

Under the several points in his brief appellant says in effect that the judgment should be reversed because the findings of the jury against him on the issues of actionable negligence, as well as the finding that he was not in a position of peril, were each without any support in the evidence and that each of such findings was against the undisputed evidence and the preponderance of the testimony as a whole. In this connection he argues that even though he cut the corner, the evidence was insufficient to show that such negligence on his part was a proximate cause of the collision. He also argues that the improper action of the jury in finding that he was not in a position of peril deprived him of the right to have the jury pass upon the other corollary issues in the court's charge relating to the general issue of discovered peril.

Appellant and appellee each testified fully and in detail as to the facts and circumstances under which the collision occurred. Their testimony indicates that each saw the other before the collision at a time when each was on his right-hand side of Live Oak Street, appellee driving at a speed of approximately five miles per hour and appellant at a speed of 20 to 25 miles per hour, and each continued to observe the movements of the other until the very instant of the impact between the two cars. They each testified in substance that appellant "cut the corner" in turning to the left. Although we have carefully considered all of the evidence we do not think any useful purpose would be served by setting it out in detail. Hence, it must suffice merely to say that in our opinion the evidence as a whole raised each of the submitted issues of primary negligence and proximate cause on the part of each party and was sufficient to sustain the findings of the jury in response thereto. LeMaster v. Fort Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224.

We do not think the general issue of discovered peril was properly raised either by the pleadings or the evidence in this case. Texas & N. O. R. Co. v. Grace, Tex.Sup., 188 S.W.2d 378, pt. 3 and authorities there cited. No claim for damages on account of personal injuries was involved in either asserted action. Furthermore, even though the person or the property of appellant was in a position of peril and danger immediately prior to the collision, there was neither pleading nor proof to the effect that appellee discovered and realized such perilous position, if any, in sufficient time to have averted the collision by the use of the means at his command, consistent with the safety of himself and his automobile. The time element after realization of danger is necessarily a controlling factor in the proper application of the doctrine of discovered peril to any case.

Moreover, if appellant was of the opinion that the undisputed evidence showed he was in a position of peril immediately prior to the collision, he should have objected to the submission of such

issue to the jury and he should have objected to that part of the court's charge wherein the court instructed the jury that if they should find appellant was not in a position of peril they need not answer the remaining corollary questions relating to the doctrine of discovered peril. Having failed to make any such timely objection, it appears to us that he has waived his right to complain now because the jury did not find on all the component fact elements that might have been involved in the general issue of discovered peril.

Finding no reversible error in the record, all of appellant's points are overruled and the judgment of the trial court is affirmed.