## WASHINGTON NAT. INS. CO. v. STRODE FUNERAL HOME, Inc.

### No. 11827.

Court of Civil Appeals of Texas. Galveston.

Dec. 12, 1946.

Rehearing Denied Jan. 30, 1947.

Terry, Cavin & Mills and Ballinger Mills, Jr., all of Galveston, for appellant.

Thos. H. Dent, of Galveston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, Strode Funeral Home, Inc., to recover as assignee of the beneficiary under a life insurance policy issued by appellant, Washington National Insurance Company, upon the life of Iris Bankhead, in which her daughter, Josephine Bankhead, was named as sole beneficiary. Iris Bankhead died on December 4, 1944. Thereafter Josephine Bankhead assigned the entire proceeds of the insurance policy to appellee, Strode Funeral Home, Inc.

Appellant answered by defensive pleas, and by a denial of liability under said policy of insurance, except for a return of premiums paid on the policy, for the alleged reason that Iris Bankhead was not in sound health on December 12, 1943, the date on which the policy of insurance issued.

The case was submitted to a jury on the following special issue: "Do you find from a preponderance of the evidence that the insured, Iris Bankhead, was in sound health on December 12, 1943?"; to which issue the jury answered: "She was in sound health." Upon this verdict so returned judgment was rendered against appellant and in favor of appellee for the face amount of the policy, $343, for attorney's fees in the sum of $171.40, and for a statutory penalty in the sum of $41.16, a total of $555.66.

Each of appellant's points of appeal complain of the alleged error of the trial court in refusing to instruct a verdict in its favor, or to render judgment in its favor notwithstanding the jury's verdict, for the alleged reason that the undisputed evidence established as a matter of law that Iris Bankhead was suffering from a heart ailment, from which she subsequently died, on the date the policy was issued and that she was not in good health.

It was stipulated by the parties that the policy of insurance sued on was issued on the life of Iris Bankhead on December 12, 1943; that she died in Galveston, Texas, on December 5, 1944; that, at the time of her death, the policy sued on was in full force and effect, and that all premiums due to date for maintenance of the policy had been paid.

After the death of Iris Bankhead, Josephine Bankhead, the beneficiary named in the policy, assigned the entire proceeds thereof to appellee, Strode Funeral Home, Inc.

The policy contained the following provisions: "No obligation is assumed by the Company under this policy if the insured is not alive or is not in sound health on the date thereof," and "This policy constitutes the entire agreement between the Company and the insured and holder and owner hereof. Its terms cannot be changed or its conditions varied, except by express agreement of the Company evidenced by the signature of its President or Secretary; therefore, agents are not authorized and have no power to make, alter or discharge contracts to waive forfeitures or to receive premiums on policies more than four weeks in arrears. All premiums hereunder are payable at one of the Company's offices, but may be paid to an authorized representative of the company."

█ The burden of establishing the fact that the assured was not in sound health on December 12, 1943, the date on which said policy was issued, was upon the appellant Insurance Company.

The only evidence in the record in reference to the condition of Iris Bankhead's

health at the time said policy of insurance was issued was the testimony of Dr. Edwin B. Rowe, who testified that he first saw Iris Bankhead on November 13, 1944, about three weeks prior to her death. He testified that he diagnosed her condition as organic heart disease, congestive heart failure, and aortic valvulitis, and that such diagnosis was predicated upon both objective and subjective symptoms. He testified that Iris Bankhead told him that she had been suffering from this condition for approximately two years prior to November 13, 1944.

Upon cross-examination Dr. Rowe testified that he had not known the deceased prior to December 12, 1943; that he did not perform an autopsy on her body. He testified that the exact eteology of the case was not known; that "so far as I know, it could have been proven only by post mortem examination," and that he did not perform an autopsy on her body.

It is the established rule in this state that a jury verdict cannot be ignored and judgment non obstante veredicto entered unless the verdict is without support in the evidence, or is contrary to the conclusive evidence. LeMasters v. Fort Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224, 227.

The fact that Dr. Rowe testified that Iris Bankhead was not in sound health on November 13, prior to her death on December 5, 1944, and the fact that she died of heart failure were not conclusive as to whether she was in sound health on December 12, 1943, the date on which said policy of insurance was issued.

Further, the testimony of Dr. Rowe that the exact eteology of this case was not known and that so far as he knew it could have been proven only by a post mortem examination, if believed by the jury, would support the finding of the jury under the special issue submitted. It matters not whether an appellate court would have believed as did the jury, that Iris Bankhead was in sound health at the time the policy was issued, the findings of fact, if supported by competent testimony, are binding upon us. Perry et al. v. Citizens Life Ins. Co., Tex.Civ.App., 163 S.W.

2d 743; Oats v. Dublin National Bank, 127 Tex. 2, 90 S.W.2d 824.

It follows that, under the record before us, the judgment of the trial court must be in all things affirmed.

Affirmed.