## HAIRRELL v. TEXAS PRUDENTIAL INS. CO.

### No. 11885.

Court of Civil Appeals of Texas. Galveston.
June 26, 1947.

Rehearing Denied July 17, 1947.

Elledge & Elledge and Carlyle W. Urban, all of Houston, for appellant.

Vinson, Elkins, Weems & Francis and Frank G. Dyer, all of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by Mrs. Lula B. Hairrell for the recovery, as beneficiary, of the face value of a policy of life insurance issued by appellee, Texas Prudential Insurance Company, on the life of her deceased husband, Tillman J. Hairrell, and for attorneys' fees, penalties and interest.

Appellee defended the suit on the sole ground that at the time the policy was issued the insured was suffering from cancer and was not in good health and that, under its terms, the policy did not take effect.

The policy of life insurance sued on was for sum of $1000. It was issued on February 27, 1945. The insured died on April 17, 1946.

Application for said insurance was made on February 14, 1945. In the application the insured represented that he was in good health; that no one had expressed an unfavorable opinion as to his insurability, and that he had never been advised to have a surgical operation. It contained the following provision:

"The company shall incur no liability upon account of this application or any policy issued in consequence thereof until such policy shall be actually delivered to me and accepted by me during my life time and in good health."

One special issue was submitted to the jury, in response to which the jury found that the insured was in good health on the date the policy was issued. On appellee's motion the jury's verdict was set aside and judgment non obstante veredicto was rendered in favor of appellee. Appellant appeals from this judgment.

It was stipulated by the parties that $500 was a reasonable attorney's fee for plaintiff's counsel.

The burden of establishing the fact that the insured, Tillman J. Hairrell, was not in sound health on February 27, 1945, the date on which the policy of insurance sued on was issued, was upon appellee, Insurance Company. Washington National Insurance Company v. Strode, Tex.Civ. App., 199 S.W.2d 219, and authorities there cited.

In this case Dr. W. C. Spencer testified in behalf of appellee that he examined Mr. Hairrell on February 5, 1945, and that he " * * * notice[d] that at the angle of the left jaw he (Mr. Hairrell) had a large tumefaction about the size of a hen egg, * * * " that was visible so that any one could see it.

Dr. B. H. Bayer testified in behalf of appellant that he was the medical examiner for appellee Life Insurance Company at the time the application for insurance was made and that he had made a careful medical examination of Mr. Hairrell on April 15, 1945, at the request of the Company; that he had complied with all the requirements of the Company in making such examination; that he found no evidence of goiter, enlarged glands or other tumor; that he did not see any evidence that he had a cancer and that he made a medical report to the Company that, in his opinion, Mr. Hairrell had no physical defects or deformities. He testified, however, that a person could have a cancer without it showing and that most cancers are missed until a thorough X-Ray examination is made.

Appellant, Mrs. Tillman J. Hairrell, wife of the insured, testified that Mr Hairrell did not have a swelling on his throat on the date the application for said insurance was made; that he had no deformity; and that there was no swelling on his neck until some time between the 1st and 15th of June, 1945, when a small "kernel" appeared.

Constance Hairrell, the daughter-in-law of the insured, testified that she saw Mr. Hairrell three or four times a week during the month of February, 1945, and that the first time she noticed a swelling of any kind on Mr. Hairrell's throat was in the month of June or July, 1945.

Dr. E. S. Gardiner testified that he first saw Mr. Hairrell in the early part of July, 1945; that at that time there was a small swelling on his throat which appeared to have been in existence only a short time. He testified that Mr. Hairrell had a very fast growing type of cancer, and that because of its location on the throat, a person having this type of cancer lived only from six to nine months after it developed or became malignant; that, in his opinion, Mr. Hairrell's condition had developed into cancer, or had become malignant, only a short time before July, 1945.

The testimony of Dr. Gardiner and of appellant and Mrs. Constance Hairrell, above referred to, if believed by the jury will, we think, support the special issue finding that the insured was in good health on the date said policy was issued, and the jury had the right to believe their testimony and to disbelieve the testimony of Dr. Spencer. It matters not whether an appellate court would have believed the testimony on which the jury based their finding of fact, and that finding of fact, which is supported by competent testimony, is binding upon this court. Perry et al v. Citizens Life Ins. Co., Tex. Civ.App., 163 S.W.2d 743; Oats v. Dublin National Bank, 127 Tex. 2, 90 S.W.2d 824.

It is a well settled rule in this state that the verdict of a jury cannot be ignored and judgment rendered non obstante veredicto unless the verdict is without support in the evidence, or is contrary to the conclusive evidence. LeMaster v. Ft. Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224.

Applying that portion of Rule 324, Texas Rules of Civil Procedure, which provides that where on appeal an appellate court determines that a judgment non obstante veredicto was erroneously entered, such court shall reverse the judgment in harmony with the verdict (LeMaster v. Fort Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224, it becomes our duty to reverse the judgment of the trial court and to render judgment for appellant and against appellee Insurance Company for the sum of $1000.00 with interest thereon from April

17, 1946, for $120 the statutory penalty of 12% of the face amount of said policy of insurance, and for the sum of $500 as attorney's fees. It is so ordered.

Reversed and rendered.