## HAMMOND et ux. v. EPLEN.
### No. 12039.

Court of Civil Appeals of Texas. Galveston.
Dec. 23, 1948.

J. Meek Hawkins and Pliny V. Myers, both of Houston, for appellants.

No appearance for appellee.

MONTEITH, Chief Justice.

This action was brought by appellants Robert D. Hammond and his wife, Mabel Eplen Hammond, for the adoption under Article 46a, Vernon's Annotated Texas Civil Statutes, of Eugene Arthur, Mabel Dorothy, and Gloria Arlene Eplen, the minor children of Mabel Eplen Hammond and appellee, Clarence Eugene Eplen, under the allegations that appellee Clarence Eugene Eplen had voluntarily abandoned and deserted said children for a period of more than two yeras, and that it was to the best interest of said children that they be adopted by their mother and her then husband, Robert D. Hammond.

In answer to special issues submitted a jury found that during the period of two years immediately prior to December 30, 1947, Clarence Eugene Eplen had voluntarily abandoned and deserted the three children sought to be adopted by appellants, and had left the three children to the care, custody, control and management of their mother, and that during that period he had not contributed to their support.

On appellee's motion, the trial court rendered judgment in favor of appellee, Clarence Eugene Eplen, denying appellants' application to adopt said children, and stating in the judgment rendered that the evidence raised no issue of fact, and that a directed verdict in favor of appellee would have been proper.

Appellee has filed no brief in this Court. Consequently, under Rule 419, Texas Rules of Civil Procedure, this Court must either accept as correct the statements made by appellants in their brief as to the facts of the record or examine the record to determine whether there was conflicting evidence in relation to the material issues submitted to the jury.

Under the provisions of Rule 301, TRCP, formerly Article 2211, Vernon's Anno.Civ.Stats., a jury's verdict cannot be ignored unless it can be said that it is without support in the evidence or is contrary to the conclusive evidence. The rule announced by the Supreme Court in LeMaster v. Ft. Worth Transit Co. et al., 138 Tex. 512, 160 S.W.2d 224, 226 is that " * * * if the evidence is conflicting, the jury must decide the conflict; and if the evidence is not conflicting, but reasonable minds might differ as to its effect, still a fact issue is presented."

Appellants make, in substance, the following statement in their brief under their first and second points of error as to the facts established on the trial:

The three children sought to be adopted, Eugene Arthur Eplen, Mabel Dorothy Eplen, and Gloria Arlene Eplen, were the children of Clarence Eugene Eplen and Mabel Eplen Hammond, who were separated in September, 1941, and divorced in 1945. After said separation, Clarence Eugene Eplen did not contribute toward the support and maintenance of said children until some time in the latter part of De-

cember, 1941, at which time the mother of the children complained to the District Attorney of Harris County. Thereafter, appellee contributed certain sums of money to his wife through the probation department of Harris County. In the divorce proceeding, the custody of the children was awarded by agreement of the parties to their mother, subject to the rights of visitation by the father, and subject to the payment of certain sums of money to the mother through the probation department of Harris County. Appellants contend that there is no testimony in the record showing that Clarence Eugene Eplen visited with or sought to see his children until after the divorce was granted in 1945, and that after the granting of the divorce appellee took the children to his home during the summer of 1945, and that except on this one occasion in the year of 1946, he had never attempted to see or have his children with him until the day of the trial.

"Mr. Eplen testified that he never made an attempt to see his children or have them with him except on one occasion in Hempstead after his former wife had remarried. Both Mr. and Mrs. Hammond testified that they never did or said anything at any time to prevent Mr. Eplen from seeing or being with his children at any time he wanted to."

We find this statement to be substantially correct.

Measured by the rule announced in LeMaster v. Ft. Worth Transit Co., supra, we are of the opinion that, under this record, the jury was justified in finding, in answer to the special issues submitted to them, that appellee had abandoned these children for a period of two years and that during that time he had not made a substantial contribution to their support and maintenance.

Article 46a, Vernon's Anno.Tex.Civ. Stats., provides that any adult person may petition the district court in the county of his residence, or the residence of the children to be adopted, for the adoption of said child or children. That if the living parent or parents of the children sought to be adopted shall voluntarily abandon and desert a child sought to be adopted for a period of two years and shall have left such child to the care, custody, control and management of other persons, and such parent or parents so abandoning and deserting such child shall not have contributed to the support of such child during said period of two years, then, in such event, it shall not be necessary to obtain the written consent of the living parent or parents in such default, and the adoption shall be permitted.

Applying that portion of Rule 324, TRCP, which provides that where on appeal the appellate court determines that judgment non obstante veredicto was erroneously entered, such court will reverse the judgment of the trial court and enter judgment in harmony with the verdict, the judgment of the trial court in favor of appellee is reversed, and judgment is here rendered in favor of appellants as prayed for.

Reversed and rendered.