**McELWEE et al. v. MFRS. CASUALTY INS. CO.**

No. 11925.

Court of Civil Appeals of Texas. San Antonio.

March 23, 1949.

Rehearing Denied April 20, 1949.

382

Oliver & Peace, San Antonio, Tom S. Williams, San Antonio, for appellants.

Royal H. Brin, Jr., Dallas, Strausburger, Price, Holland, Kelton & Miller, Dallas, W. M. Taylor Jr., Dallas, for appellee.

MURRAY, Justice.

We here adopt appellants' statement of the nature and result of this case, which appellee concedes is substantially correct, to-wit:

"This is an appeal from a judgment in the second of two trials growing out of an automobile accident. The first was a suit for personal injuries by appellants against Henry Hope, owner, and Harry Gilcrease, driver of an ambulance which collided with appellants' automobile. In the first case, appellants recovered judgment against Henry Hope and Harry Gilcrease, jointly and severally, in the total principal sum of $16,250. This judgment was not appealed and became final.

"Now, at the time of said collision between the ambulance and appellants' car, appellee Manufacturers Casualty Insurance Co. had in effect an automobile liability insurance policy covering both Henry Hope and Harry Gilcrease. This policy had as limits of liability $10,000 for each person and $20,000 for each accident. Under it, appellee insurance company agreed to pay on behalf of the insured (Henry Hope and Harry Gilcrease):

" 'All sums which the insured shall become obligated to pay by reason of the liability imposed on him by law for damages including damages for care and loss of service because of bodily injury * * * sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile.'

"After the judgment against Henry Hope and Harry Gilcrease became final, appellants sued out a writ of garnishment against appellee insurance company on the basis of said policy. It is undisputed that at the time of the collision said policy was valid and subsisting, and that it covered Henry Hope, Harry Gilcrease and the ambulance involved in the collision.

"There would be no question of appellee's liability under the terms of said policy but for the following endorsement which was attached to said policy:

" 'The named insured agrees, as evidenced by the acceptance of this endorsement, that this policy shall not cover bodily injury liability and property damage liability while the automobile is used to answer emergency calls.'

"Under the submission to the jury, the sole question, therefore, was as to whether or not, under the facts, the ambulance was being used to answer an emergency

call at the time of the collision. To resolve this question the court submitted the following special issue:

" 'Do you find from a preponderance of the evidence that at the time the ambulance driven by Harry D. Gilcrease collided with the car driven by W. J. McElwee, said ambulance was not being used to answer an emergency call?'

"And the jury resolved this question by answering:

" 'It was not being used to answer an emergency call.'

"Thereafter, appellee insurance company moved for judgment non obstante veredicto on the ground that the jury answer was contrary to the undisputed evidence and that the evidence was insufficient to support the finding of the jury. The motion was sustained by the trial court and judgment rendered for appellee insurance company. From this action of the trial court this appeal is perfected.

"The appellee insurance company made no objections nor exceptions to the court's charge and requested no issues.

"The question is: Did the evidence support the jury finding that the ambulance was not being used to answer an emergency call?"

It is only proper to grant a motion for judgment non obstante veredicto when an instructed verdict would have been proper. T.R.C.P. 301.

In determining whether the giving of an instructed verdict would have been proper, all testimony in the case must be considered in its most favorable light to the one against whom the instruction is to be given. Conflicts should be disregarded and every reasonable intendment deducible from the evidence should be indulged in his favor. Lackey v. Moffett, Tex.Civ. App., 172 S.W.2d 715; LeMaster v. Fort Worth Transit Co., 138 Tex. 512, 160 S. W.2d 224; Happ v. Happ, Tex.Civ.App., 160 S.W.2d 227; Rodriguez v. Higginbotham-Bailey-Logan Co., 138 Tex. 476, 160 S.W.2d 234.

Where the evidence would warrant either an affirmative or negative answer to the question submitted, the jury's answer thereto must stand and be given effect. Oats v. Dublin Nat. Bank, 127 Tex. 2, 90 S.W.2d 824; Perry v. Citizens Life Ins. Co., 163 S.W.2d 843; Washington Nat. Ins. Co. v. Strode, 199 S.W.2d 219.

With reference to whether the ambulance was answering an "emergency call" at the time of the accident, the trial court gave the following instruction, to-wit:

"The test as to whether the ambulance in question was 'being used to answer an emergency call' depends upon the nature of the call that was received and the situation as presented to the mind of the driver at the time he received the call and the manner in which he drove and operated the ambulance in response to such call, and not upon whether an emergency in fact existed."

Appellee took no exception to this instruction, so, for the purpose of this case, we may accept it as being correct. In the light of this instruction, the jury was asked if the ambulance was being used in answer to an emergency call at the time of the collision here involved. This issue presented a question of fact and not of law. It was a question of fact to be decided by the trier of facts as to whether, under all the circumstances, the call received was an emergency call, the situation as presented to the mind of the driver at the time he was given the call, and the manner in which he drove and operated the ambulance in response to such call. Whether an emergency in fact actually existed is unimportant. We find no Texas cases in point, but the California case of Head v. Wilson, 36 Cal.App.2d 244, 97 P.2d 509, is directly in point.

The evidence here shows that Mrs. Opal E. Peet placed the call to the Hope Ambulance Service and Henry Hope answered the telephone. She stated to him that a man across the street had fallen and broken his leg and that they would like an ambulance at once and to hurry. She did not state that it was an emergency call. Henry Hope testified that he did not regard a broken leg as an emergency. He did not mark the word "Emergency" or "E. M." on the slip on which he took the call, as he would have done had he regarded it as

an emergency call. Hope did not tell the driver, Gilcrease, that the call was an emergency call, as he would have done if he had so regarded it. The driver, Gilcrease, stopped at red lights, which he would not have done if he had regarded it an emergency call. Hope did not notify the police dispatcher, as he does on emergency calls. It is true the siren was being used at times to clear traffic, but this was done because the horn was out of fix. The siren is used on calls other than emergency calls. The siren was not being sounded at the time of the collision. It took twenty-three minutes to cover the two-mile distance traveled by the ambulance between the point of departure and the point of collision. Certainly, under all of this evidence, a question of fact was raised for the decision of the jury as to whether the ambulance was being used at the time to answer an "emergency call." Head v. Wilson, supra.

■ The fact that there was other evidence offered that, if believed by the jury, would have supported a contrary finding is unimportant. Written statements were introduced in evidence which contradicted some of the testimony given by some of the witnesses, but these statements could be used only for impeaching purposes. The credibility of the witnesses was a matter addressed to the discretion of the jury. LeMaster v. Fort Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224; Oats v. Dublin Nat. Bank, 127 Tex. 2, 90 S.W.2d 824.

We do not find it necessary to pass upon appellants' point No. 2.

The judgment of the trial court is reversed and judgment here rendered that appellants do have and recover of and from Manufacturers Casualty Insurance Company the principal sum of $15,250.00, divided as follows:

To W. J. McElwee the principal sum of $4,000.00;

To Bernadette McElwee the principal sum of $1,000.00;

To Mary McElwee the principal sum of $10,000.00;

To Barbara McElwee the principal sum of $250.00.

All of said sums to bear interest at the rate of 6% per annum from March 5, 1948, until paid.

It is further ordered that appellants do have and recover of and from appellee, Manufacturers Casualty Insurance Company, jointly, the sum of $73.30, for costs paid by them in the first suit and all costs of this Court and the court below are taxed against appellee, Manufacturers Casualty Insurance Company.

Reversed and rendered.