**GREEN v. GILBERT et ux.**

No. 9927.

Court of Civil Appeals of Texas. Austin.

Jan. 10, 1951.

Rehearing Denied March 14, 1951.

Archer & Archer and L. Hamilton Lowe, all of Austin, for appellant.

Hornsby & Kirk, Austin, for appellees.

GRAY, Justice.

Appellees sued appellant, in trespass to try title, to recover three tracts of land designated as Tracts A, B and C. Tract C contains 37.4 acres of land which adjoins and lies southeast of a tract of 153.5 acres of land purchased by appellant in October 1939; Tract A contains 33.35 acres of land which adjoins and lies southwest of Tract C and its northeast corner is the southwest corner of the 153.5-acre tract. Tracts A and C lie along the north or east bank of the Colorado River, are partly covered by river growth of trees and aquatic vegetation, are partly sand and gravel bars, but in part grow grasses suitable for grazing. Tract B is a .12-acre tract which lies along the southwest boundary of the 153.5-acre tract, runs southeast from the northwest corner thereof and lies along the northeast boundary of appellees' land.

Appellees own a tract of land which adjoins and lies southwest of appellant's 153.5-acre tract, it adjoins and lies northwest of Tract A and its southeast corner is the northwest corner of Tract C, and the northeast corner of Tract A.

The several tracts of land involved are portions of the Joseph Duty one-half league in Travis County, and are a portion of the Mandana E. Gilbert Estate which was partitioned among the heirs by their partition deed dated April 15, 1927. By that partition deed lands were set apart to George Horace Gilbert, and appellees (the present owners) assert that Tracts A and B are a part thereof. By this same partition deed the above mentioned 153.5-acre tract was set apart to Meda Gilbert Parsons, and on October 28, 1939, by deed of that date, Meda Gilbert Parsons and husband, S. E. Parsons, conveyed the same to appellant.

Among other defenses, appellant plead ten years limitation. A jury trial was had and at the conclusion of the evidence the trial court rendered judgment for appellant for Tract C. No complaint is here made of that part of the judgment, and the same will not be further noticed. The defense of ten years limitation was submitted to the jury in two issues; one as to Tract A and one as to Tract B. These were the only issues submitted. In his charge to the jury the trial court gave the following definitions and instructions:

"By the term 'preponderance of the evidence,' as that term is used in this charge, is meant the greater weight of the credible testimony.

"By the term 'peaceable possession,' as that term is used in this charge, is meant such possession as is continuous and not interrupted by adverse suit.

"By the term 'adverse possession,' as that term is used in this charge, is meant such possession as is an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another.

"By the term 'hostile,' as that term is used in the preceding paragraph, is meant a holding out with intent to claim it as his own to the exclusion of all others.

"By the term 'claim of right,' as that term is used above, is meant an intention to claim the land as his own.

"By the term 'continuous possession,' as that term is used in this charge, is meant that there must be an uninterrupted possession by defendants and those under whom they claim, if any.

"Now, bearing in mind the foregoing instructions, you will answer the following special issues: * * *."

The jury found, from a preponderance of the evidence, that appellant and those under whom he claims have been in peaceable, adverse and continuous possession of Tract A and Tract B, using, cultivating or enjoying the same for a period of ten years or more immediately prior to October 21, 1949, that being the date that appellees' first amended original petition was filed.

The trial court denied appellant's motion for judgment upon the jury's findings and granted appellees' motion for judgment non obstante veredicto. Thereupon, judgment was rendered for appellees for Tracts A and B, together with damages for $319.91.

The only points here presented relate to the action of the trial court in rendering the above judgment.

The statement of facts contains considerable testimony relative to the field-note description of the several tracts of land, their boundaries and the gradient boundary of the Colorado River. We do not think it is necessary for us to discuss the field-note boundaries of the tracts, but in determining the questions before us, we have examined the statement of facts, bearing in mind that the settled law of this state is that jury findings must be upheld if supported by evidence of probative force; that conflicts in the evidence present questions for the jury to decide, and that, unless the jury findings are contrary to the conclusive testimony, they must be upheld and not disregarded. LeMaster v. Fort Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224.

Appellant testified that on October 15, 1939 (prior to the date of the deed), he purchased the land and then paid a consideration of $10, for which he took S. E. Parsons' receipt. At that time the land was leased to Earl Tubbs who had cattle on it. Appellant purchased Earl Tubbs' cattle which were delivered to him on the lease, together with possession of the land, and that this was not later than October 20, 1939. The testimony of Earl Tubbs as to the sale of the cattle and the delivery of the possession of the land was the same as that of appellant. Earl Tubbs further said he leased the land from S. E. Parsons in 1936; that he grazed cattle on it during all of that time, and that Tracts A, B and C were within the enclosure. He further said that at the time he leased the land in 1936, it was all in one pasture and under one fence just like it is now; that before he leased it he asked Mr. Parsons what was his and that Mr. Parsons told his son to show it to him; that they looked at all of it and he leased it all, and that no one disputed his possession. Appellant said that prior to his purchase he was familiar with the land, with the disputed tracts, the several corners, and the fences enclosing the land, and that Mr. Parsons had once showed him all the land as being his pasture; that he did not purchase the land by the acre, but purchased all of it, and that he claimed it all. After appellant went into possession, he grazed cattle on the land, repaired the fences, cleared cockleburs, mesquite and retama off of Tract A for the purpose of improving it for grazing, and that one year he plowed up a part of Tract A and planted it in winter oats for his cattle. Appellant said that a short time before January 17, 1948, a Mr. Morley (a lessee of appellees' lands), together with employees of appellee Dr. Joe Gilbert, started putting fence posts along between Tracts A and C; that he pulled the posts up; went to see Mr. S. E. Parsons and told him that the Gilberts were claiming the land, and that Mr. Parsons said:

"I will be glad to dictate a letter and sign it to Mr. Morley instructing him that due to the fact that I have had sole use of that since 1927 and the fence has been there since 1927, that he has no right to that tract of land, or the use of it."

A letter was then written by appellant, was read over to Mr. Parsons by his son, and was signed. This letter is: "Austin, January 17, 1948. Mr. Morley. Dear Sir: This is to advise you that when I built my fence along the west side of my land I held back from the Hornsby League

line to leave room for a lane. Also I wish to say that I used the neck of land on the river at the southeast end of my pasture for my cattle grazing. I had sole use of this land after the year 1926. (Signed) S. E. Parsons."

Mr. S. E. Parsons testified, by deposition, that he never asserted any claim of ownership to the land in dispute. He said the fences were built some time after he went into possession of the lands in 1927, and said the fences were built about the year 1930.

At the time of the trial Mrs. Meta Gilbert Parsons was deceased, and the son who read the letter of January 17, 1948, to his father, S. E. Parsons, did not testify.

Appellees say that because it was shown that appellant was absent from the state for three weeks during 1946, that time must be deducted and that appellant has not shown possession of the lands in dispute for ten full years. It may be conceded that this period of time must be deducted. Article 5537, Vernon's Ann. Civ.St. However, we do not think such deduction is sufficient to defeat appellant's claim of title by limitation here.

■■■ It is clear from the evidence that all of the disputed tracts were within the fences enclosing appellant's land and had been for long prior to the lease of the lands to Earl Tubbs by S. E. Parsons in 1936; and that prior to that time S. E. Parsons had been in exclusive possession of the land, had exercised control over it, had grazed it with his own livestock, and had used it in the same manner he had used the land owned by him with which the disputed tracts were enclosed.

We think the circumstances of S. E. Parsons' long continued use of the lands; the character of such use, which was possession, actual and visible, with the exercise of dominion over it; his declarations made to appellant prior to the trial (January 17, 1948), and his statements made in his deposition presented issues of fact for the jury to determine. Pearson v. Doherty, 143 Tex. 64, 183 S.W.2d 453; Thompson v. Moor, Tex.Com.App., 14 S. W.2d 803. We think the statements of Parsons and the use made by him of the lands went to show his intent, and that the statement made by him in his deposition, since made after the bar by limitation was complete, can not be construed to be an acknowledgment of appellees' title, and, in any event, is only evidence of the nature of the possession he held. Bruni v. Vidaurri, 140 Tex. 138, 166 S.W.2d 81.

■■ The jury having found under the instruction and the definitions given by the trial court that appellant had been in peaceable, adverse and continuous possession of Tracts A and B for ten years or more prior to October 21, 1949, we think such findings are conclusive because there is some evidence from which the jury could so find. And for which reason we think the trial court erred in granting appellees' motion for judgment non obstante veredicto and in rendering judgment accordingly.

The judgment of the trial court awarding Tracts A and B to appellees and the judgment for damages in favor of appellees is reversed, and judgment is here rendered that appellees take nothing as against appellant.

Reversed and rendered.

HUGHES, Justice (concurring).

In my opinion the verdict of the jury was clearly against the weight of the evidence. The jury found that Mr. S. E. Parsons, a man more than eighty years of age, claimed title to land which he did not own but which belonged to his brother-in-law, when Mr. Parsons, as a witness and upon oath, declared that he had never asserted or claimed ownership of such land. The result is that Mr. Parsons is judicially declared to be a squatter on his brother-in-law's property when he openly disclaims any such intention.

The trial court was apparently of the same opinion since he held that there was no evidence to support the verdict of the jury. So holding, there is no question but the trial judge would have granted appellees a new trial had this procedure been followed.

However, appellees, upon their motion, were granted a judgment non obstante veredicto, and their brief does not contain

the assignments required by Rule 324, Texas Rules Civil Procedure, as such Rule has been construed by the Supreme Court in Le Master v. Fort Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224, and recently reaffirmed in Sanders v. Harder, Tex.Sup., 227 S.W.2d 206. Under these decisions we have no alternative but to reverse the trial court's judgment and render judgment upon the jury's verdict; otherwise, I would not consent to the rendition of what I conceive to be an unjust judgment.

Associate Justice GRAY agrees that the verdict of the jury is against the weight of the evidence, but does not consider such question to be before the court.

### Motion For Rehearing and Amended Brief.

GRAY, Justice.

Appellees have filed an amended brief which contains points and arguments not before us on the original submission of this cause. These additional points are that the verdict of the jury was against the great weight and the overwhelming preponderance of the evidence.

We have again examined the record before us and have reached the conclusion that the points can not be sustained.

Appellees say that, in addition to the three weeks mentioned in our original opinion, there must also be deducted from the time appellant claims adverse possession of tracts A and B, thirty-seven days which elapsed from the death of Dr. G. H. Gilbert on February 17, 1945, until his wife qualified as his independent executrix on March 26, 1945. Art. 5538, Vernon's Ann. Civ.Statutes. And, as to Tract A, an additional nine months and six days which elapsed between the filing of appellant's original petition on January 6, 1949 (which put in issue Tract A), and October 21, 1949, and date appellant's first amended original petition was filed.

The total deductions claimed by appellees amount to ten months and thirteen days, but since appellant is tacking his possession to that of S. E. Parsons, this total deduction is not decisive of the question presented.

■ Appellees say there was no valid conveyance of any existing claim of limitation of S. E. Parsons to appellant. Appellant, as purchaser from S. E. Parsons and wife, was entitled to claim the benefit of their adverse possession. Campbell v. San Antonio Machine & Supply Co., Tex.Civ. App., 133 S.W. 750; 2 Tex.Jur. § 90, p. 170. The enclosed land was first possessed by S. E. Parsons, and, in 1936, he leased it all to Earl Tubbs, who went into possession of it and used it until October 15, 1939, when the possession was delivered to appellant. Thus there was privity of possession between S. E. Parsons and the successive occupants—Earl Tubbs as the tenant of Parsons and appellant as his purchaser. The delivery of the possession of all of the land in the enclosure to Earl Tubbs and to appellant is not disputed, and it was not necessary that the deed to appellant describe all of the land in order to transfer to appellant the right to mature title to the disputed tracts by ten years adverse possession. McAnally v. Texas Co., 124 Tex. 196, 76 S.W.2d 997.

■ As stated in our original opinion, tract A lies on the bank of the Colorado river, both tracts A and B are, and for many years have been, enclosed within the enclosure now claimed by appellant. The evidence shows this enclosure consisted of fences and the river which constituted a barrier for livestock. During the tenancy of Earl Tubbs this enclosure was sufficient, and was maintained so as to keep his livestock within the enclosure, and, except in one or more instances, to keep other livestock out. Since appellant came into possession of the land, the enclosure has been maintained in a manner sufficient to keep his livestock within the enclosure and others out. The enclosure meets the requirements of law. 2 Tex.Jur., Sec. 49, p. 94. The ownership of the fences would not be controlling. Cooks Hereford Cattle Co. v. Barnhart, Tex.Civ.App., 147 S.W. 662.

■ The evidence shows that S. E. Parsons, Earl Tubbs and appellant have continuously used the lands in dispute for grazing, and that this use is the one for which the land is suitable and adapted.

Such grazing is a sufficient use (when coupled with possession and enjoyment) to meet the requirements of the ten-year statute of limitation. Wallis v. Long, Tex. Civ.App., 75 S.W.2d 138, Er.Ref.

Appellees say that S. E. Parsons did not claim the land adversely to the owners. This was an issue for the jury upon the facts and circumstances. It is not disputed that S. E. Parsons was in possession of the land, but appellee undertakes to explain this possession by the testimony of S. E. Parsons given in his deposition, which is to the effect that he did not claim the land. (This testimony will be later discussed.)

■ It is the general rule that actual possession of enclosed lands raises a presumption that it is adversely claimed by the person in possession, which presumption will prevail unless something is shown that qualifies and explains such possession. McKee v. Stewart, 139 Tex. 260, 162 S.W. 2d 948; Young v. City of Lubbock, Tex. Civ.App., 130 S.W.2d 418; Clayton v. Reamer, Tex.Civ.App., 153 S.W.2d 1020, Er.Ref.W.M.

■ The intent of S. E. Parsons was evidenced before the jury by: his possession, actual and visible, of the enclosed land; the use he made of it, and his general course of dealing with it. Such acts and conduct may refute the contention that the land was not claimed adversely. St. Louis S. W. Ry. Co. v. Roman, Tex.Civ. App., 244 S.W. 197.

Since the trial court limited the jury to a finding of peaceable, adverse and continuous possession of tracts A and B and their use to a period of ten years prior to October 21, 1949, we think the jury could well begin with the lease of the land by S. E. Parsons to Earl Tubbs in 1936. The testimony of Earl Tubbs relative to the making of this lease and his holding thereunder is set out in our original opinion and will not be restated here. It will be noted, however, that the testimony is not disputed. The making of this lease and the delivery of possession of the enclosed land was an act of ownership on the part of S. E. Parsons, and the possession of Earl Tubbs was notice to the owner of the title claimed by his landlord, S. E. Parsons, even though the claim exceeded the recorded title. Houston Oil Co. v. Choate, Tex.Com.App., 232 S.W. 285.

Appellees undertake to explain the possession of S. E. Parsons by the testimony given by him in his deposition which is to the effect that he did not claim the land. This argument is without force because: (1) The statements made in the deposition were made after the bar was complete. In addition to the authority cited in our original opinion, we cite: Bruce v. Washington, 80 Tex. 368, 372, 15 S.W. 1104; Cook's Hereford Cattle Co. v. Barnhart, supra. (2) These statements were inconsistent with the statement made to appellant and contained in the letter to Mr. Morley set out in our original opinion. And (3) the statements were made by appellant's grantor long after he (S. E. Parsons) had parted with title and possession of the lands. All of these were matters for the consideration of the jury. 2 Tex.Jur. § 73, p. 139.

■ This evidence was before the jury, and even though the statements made in the deposition and the statement contained in the letter to Mr. Morley (the lessee of S. E. Parsons' brother-in-law) express a different claim, or attitude, on the part of S. E. Parsons, the jury, as it was authorized to do, resolved the conflict in favor of appellant. And in so doing it can not be said the verdict of the jury "was against the great weight and overwhelming preponderance of the evidence." There was evidence before the jury that the land in dispute was enclosed; that S. E. Parsons used it as an owner would, and his general course of dealing with it as an owner; that he once showed all of the land to appellant as being his land; that he, through his son, showed all of the land to Earl Tubbs and that he leased it all to Tubbs; that Tubbs, as lessee or tenant, went into possession of all of the land in 1936, and, up until the possession was delivered to appellant, Earl Tubbs used all of the land for the purpose for which it was suitable and adapted.

■ The possession of Earl Tubbs was the possession of S. E. Parsons. Huntington v. Mattfield, Tex.Civ.App., 55 S.W.

361, Er.Ref. As we have already said, the attempted explanation of the possession of S. E. Parsons was not accepted by the jury. The possession was sufficient to constitute notice of an adverse claim, authorities supra. An inquiry, if one had been made, would have revealed the extent of the possession claimed by Earl Tubbs and, also, S. E. Parsons.

Appellees have called our attention to an erroneous statement contained in our original opinion. There we said "Tracts A and C lie along the north or east bank of the Colorado river." We acknowledge error in this respect and now say that tracts A and C lie along the north or west bank of the Colorado river.

Appellees' motion for rehearing is overruled.

Overruled.

HUGHES, J., dissents.

HUGHES, Justice (dissenting).

Appellees having amended their brief under permission granted by the court so as to include an assignment that the verdict of the jury was insufficiently supported by the evidence, the cause, in my opinion, should be reversed and remanded for the reasons indicated in my concurring opinion.