### KUJAWA v. ASSOCIATED INDEMNITY CORP.
#### No. 12569.

Court of Civil Appeals of Texas.
Galveston.

April 30, 1953.

Rehearing Denied June 4, 1953.

Peter P. Cheswick, of Houston, for appellant.

Fulbright, Crooker, Freeman & Bates, Kraft W. Eidman and Quentin Bates, of Houston, for appellee.

GRAVES, Justice.

This was a suit under the Workmen's Compensation Law of Texas, Vernon's Ann.Civ.St. art. 8306 et seq.; for total and permanent disability. After a trial before a jury, on special issues, a verdict in favor of appellant for such total and permanent disability was returned; the verdict was accepted by the court, and ordered filed.

There were no conflicting findings. The appellee filed its motions, in apt time, for an instructed verdict in its favor, which motions were overruled by the court.

Both parties filed motions for judgment on the verdict, the appellee contending in.

its motion, in general terms, that judgment in its favor ought to be entered, non obstante veredicto.

The trial court sustained appellee's motion, and rendered judgment, non obstante veredicto, in its favor.

In the state of the record brought here, it is held that the trial court erred in so nullifying the proceedings before the jury there, and rendering a judgment on its own findings instead.

There were both pleadings and evidence sufficient to sustain the very full findings of the jury in appellant's favor; indeed, there were no conflicts in such findings, hence, under what this Court conceives to be well-settled holdings of our Supreme Court, the trial court in the circumstances so confronting it was without legal authority to do other than, (1) to enter a judgment for the plaintiff below (appellant here), (2) to declare a mistrial of the cause, or (3) to grant a new trial, but could not ignore such a verdict and render the judgment it did, notwithstanding it. Williams v. Wyrick, Tex.Sup., 245 S.W.2d 961, affirming, Tex.Civ.App., 242 S.W.2d 669; Gulf, C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S.W. 296; Hammond v. Eplen, Tex.Civ.App., 216 S.W.2d 258; LeMaster v. Fort Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224, 226; Buchanan v. Davis, Tex.Civ.App., 300 S.W. 985, affirmed by Supreme Court, 12 S.W.2d 978; City of Austin v. Salazar, Tex. Civ.App., 241 S.W.2d 445, n. r. e.; Myers v. Crenshaw, 134 Tex. 500, 137 S.W.2d 7, 13; Rule 301, T.R.C.P.

Undoubtedly, it is thought, under his pleadings and testimony, which was from both medical and lay witnesses, the issues-of-fact propounded to the jury, upon which he based his claim for total and permanent disability resulting from a claimed injury to his face and eye, while in the course of his employment for the appellant, were material and germane.

The record further shows that the trial court sustained special exceptions to appellant's pleadings below, to the effect that he had suffered heat exhaustion, physical exhaustion, traumatic neuroses, etc.,

as a result of his declared-upon injuries and required him to confine his pleadings in the trial court to the allegations he had made before the Industrial Accident Board in his original notice to it of his injury and claim for compensation there; this likewise was error, under our authorities, since they hold that the Industrial Accident Board is not a court, and when appellant went beyond it into a court, he was no longer bound by its limitations. Texas State Highway Department v. Fillmon, Tex.Civ.App., 236 S.W.2d 635, Syl. 3; affirmed Tex.Sup., 242 S.W.2d 172; Texas Employers Ins. Ass'n v. Bradshaw, Tex. Civ.App., 27 S.W.2d 314; Coffey v. Management Company of Texas, Tex.Civ.App., 121 S.W.2d 377.

The appellee has presented in its brief four stated cross-points, urging considerations in its own behalf, inclusive of its contention that in case of a reversal of the trial court's judgment, there should be a remanding of the cause to the court below for a new trial, rather than a rendition of it.

It is held that these presentments cannot be sustained, and that, in the state of the record, this Court has left no alternative than to render the judgment it holds the trial court should have rendered.

It will be so ordered, reversed and rendered.