CHECKER CAB COMPANY, Appellant,

v.

Hazel P. CHEATHAM, Appellee.

No. 13535.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 9, 1959.

Leonard Brown, Brown & Brown, Kenneth C. Farnsworth, San Antonio, for appellant.

Putman & Putman, San Antonio, for appellee.

POPE, Justice.

This is an appeal from a judgment non obstante veredicto rendered in favor of Hazel P. Cheatham, plaintiff, against Checker Cab Company. Checker Cab Company insists that there was evidence in support of a finding that the plaintiff was contributorily negligent in failing to keep a proper lookout.

Hazel Cheatham was driving north on Broadway in the City of San Antonio. Defendant's cab was traveling east on Seventh Street which intersects Broadway. The evidence showed that Broadway is 45 feet wide and Seventh Street is about 35 feet wide. The point of impact was about 12 feet west of the east curb of broadway and 9 feet north of the south curb of Seventh Street. The front of defendant's cab struck the left side of the Cheatham vehicle. Hazel Cheatham stated that the cab hit the left front door. The accident occurred after ten p. m. and the cab lights were burning. The jury found that defendant was negligent for several reasons, one of which was that he entered the intersection against a red light. This was a proximate cause of the collision.

■ Cab Company had the burden to prove Hazel Cheatham's contributory negligence for failing to keep a proper lookout. Houston & T. C. R. Co. v. Anglin, 99 Tex. 349, 89 S.W. 966, 2 L.R.A.,N.S., 386. When testing the evidence against a judgment non obstante veredicto, we are concerned with the no evidence rule. We must consider all the testimony in the record from the standpoint most favorable to the defendant, and the jurors are entitled to judge not only the facts proved, but the reasonable inferences which may be drawn from those facts. Shelton v. Belknap, 155 Tex. 37, 282 S.W.2d 682; Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194; Le Master v. Fort Worth Transit Co., 138 Tex. 512, 160 S.W. 2d 224.

■ Hazel Cheatham testified in different ways concerning the position of her car when she looked. Once she testified "That is why I didn't see him, until I got out into the middle of the intersection." Another time she answered that she was already into the intersection when she looked to her left and saw the cab coming. When asked when she first saw the cab, she answered, "I was about half way across the intersection." While she testified that she looked before she entered the intersection, the jury could have rejected that testimony in favor of that which states that she was in the middle of the intersection before she looked. That would be about the place where she was actually hit, and would indicate that she saw the cab just before or at the time of the impact. This was evidence in support of the jury finding that she failed to keep a proper lookout.

The jury could draw additional inferences also from the speed and position of the cars. The cab driver testified that both cars were traveling at about the same rate

of speed. He set the speed at 20 miles an hour. The front of the cab had traveled 33 feet across a 45 foot street. Hazel Cheatham's car had traveled at least nine feet into the intersection, for that was the point of the impact. The side of her car was hit at about the place of the hinges on the front door, so the front of her car was a few feet beyond that point. If the front of her car had proceeded even as far as 17 feet into the intersection, with both cars traveling at the same rate of speed, it would follow that the cab was 16 feet into the intersection at the time Hazel Cheatham first reached the intersection. Since the cab skidded 27 feet and Hazel Cheatham did not skid at all, the cab was decelerating while she proceeded on across. This would imply that the cab was actually farther across the intersection than 16 feet at the time Hazel Cheatham entered it.

The judgment is reversed and the cause remanded to the trial court with instructions to enter judgment for the defendant upon the verdict. Allen v. DeWinne, Tex. Civ.App., 268 S.W.2d 677, DeWinne v. Allen, 154 Tex. 316, 277 S.W.2d 95.