**ORKIN EXTERMINATING COMPANY, Inc., Appellant,**

v.

**Henry SCHORSCH, Jr., Appellee.**

**No. 14734.**

Court of Civil Appeals of Texas.

San Antonio.

Dec. 31, 1968.

Rehearing Denied Jan. 29, 1969.

Tom Joseph, Arch B. Haston, San Antonio, for appellant.

Lang, Cross, Ladon, Oppenheimer & Rosenberg, G. Thomas Coghlan, San Antonio, for appellee.

BARROW, Chief Justice.

Appellant, by three assignments of error, complains of a judgment rendered on a jury verdict in appellee's suit for damages in the stipulated sum of $625.00, resulting from a fire in the central heating and air-conditioning unit of appellee's home, allegedly caused by the negligence of appellant's agent.

Appellant's first two points urge that the trial court erred in overruling its motion for an instructed verdict, since there was

no evidence, or insufficient evidence of probative force, to support the submission of issues to the jury as to whether said agent turned off the blower switch of said unit or whether he failed to turn said switch back on prior to his departure from appellee's attic. We doubt that these two points are properly before us, in that they were urged in a motion for instructed verdict made at the close of appellee's evidence, but were not re-urged in a second motion made after appellant had introduced evidence and both parties closed. It has been held that a defendant waives a motion for instructed verdict made after plaintiff rests, when defendant elects not to stand on said motion but proceeds to introduce additional evidence. Texas Construction Rentals, Inc. v. Harrison, 410 S. W.2d 482 (Tex.Civ.App.—Waco 1966, writ ref'd n. r. e.); Travelers Ins. Co. v. Arnold, 378 S.W.2d 78 (Tex.Civ.App.—Dallas 1964, no writ); Robb v. Gilmore, 302 S. W.2d 739 (Tex.Civ.App.—Fort Worth 1957, writ ref'd n. r. e.); Castelo v. Castelo, 89 S.W.2d 1033 (Tex.Civ.App.—El Paso 1936, writ dism'd).

■ In any event, these points are without merit when the record is reviewed under the "no evidence" test as required by points complaining of the denial of a motion for instructed verdict. Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup.1965). There is expert testimony that the fire in appellee's heating and air-conditioning unit was caused by the blower switch on said unit being off. If the blower switch is off, the heat elements in the unit will overheat, short out and cause a fire. There was no direct testimony that appellant's agent, Joe Cazarez, touched the switch when he was in appellee's attic about fourteen hours before the fire, but the circumstantial evidence supports such an inference.

On February 16, 1966, appellee entered into a written contract with appellant, represented by its agent Cazarez, whereby appellant agreed to treat appellee's house monthly. Appellee and his wife advised Cazarez at this time that they were having particular trouble with mice under the kitchen sink and in the attic. The attic in appellee's house is reached through a folding ladder which is pulled down from a bedroom ceiling by a ten-inch cord. Appellee took Cazarez into the attic on February 16, 1966, and explained that Cazarez was not to fool with the blower switch which was an ordinary wall switch attached to one of the ceiling joists near the attic entrance. The blower switch and a light in the attic were on the same circuit and appellee explained that the light should be turned off and on by screwing the globe in and partly out of the socket.

Nothing was stored in the attic but the central unit and therefore it was seldom entered. Both appellee and his wife testified no one entered the attic between February 16 and Cazarez' second service call on March 16, 1966. There was direct testimony from appellee, confirmed by his wife, that the heating unit including the blower unit worked satisfactorily between February 16 and Cazarez' next service call. On this call, which was made about 11:00 a. m., Cazarez was seen to enter the attic, although neither appellee nor his wife accompanied him. About 2:00 a. m. the following morning, appellee and his wife were awakened by the sound of fire sometime after Mrs. Schorsch had heard the heating unit start. When the firemen entered the attic to put out the fire, the blower switch was found to be in the off position.

■ Thus it is seen that there is direct testimony that the blower switch was on the last time anyone other than Cazarez had been in the attic, and this is confirmed by the testimony that the blower had in fact actually operated prior to Cazarez' entry on March 16. There is also direct testimony that the switch was off when first examined shortly after he had worked in that area. There is testimony that no one had entered the attic after Cazarez, before the fire was discovered. Cazarez did not testify, and the man who had taken over

management of appellant's San Antonio office, in which there were some forty-six employees, about a week before the trial, testified he didn't think that Cazarez was still employed by appellant. However, he promised to verify this fact before the trial ended but did not do so. The jury was instructed, without objection, that any fact might be established by circumstantial evidence, direct evidence, or both. This record supports an inference that Cazarez turned off the blower switch when he left the attic after servicing same on March 16, 1966. Ice Service Co. v. Scruggs, 284 S. W.2d 185 (Tex.Civ.App.—Fort Worth 1955, writ ref'd n. r. e.).

Appellant urges that these points are controlled by our holding in Sloter v. Smith Motor Sales, Inc., 417 S.W.2d 766 (1967, no writ). It was there held that we could not infer that a mechanic who had replaced the upper ball joints of a car on the day previous to an accident had negligently pinched a brake hose. The evidence established that it was not necessary to touch the brake hose in order to replace the ball joints. More important, it was not shown that the brake hose was pinched or damaged in any way after the accident. Here there is direct evidence that the blower switch was on before Cazarez entered the attic and off a few hours later when the firemen entered same.

As was said by us in Herschap v. Moore, 430 S.W.2d 843 (1968, no writ): "Obviously, if appellee had established that no one had done any work on this well after Billy Gene Herschap had worked on it, the court could infer that he had created the dangerous condition." This rule controls the disposition of appellant's first two points.

Appellant's other point complains of the refusal of the trial court to submit its requested issue as to whether appellee failed to adequately advise Cazarez of the danger in fooling with the blower switch. The only evidence on this point came from appellee, who testified that he went into the attic with Cazarez on February 16 and explained the lighting situation to him. At this time he positively told Cazarez not to fool with the wall switch which controlled the blower also. It is true that this is testimony from an interested party, however, it is the only testimony in the record, and the record does not establish that it could not have been contradicted. See Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904 (1943). In any event, if this testimony is disregarded as being from an interested party, the jury would still not be entitled to make an opposite finding solely from the uncontradicted testimony of an interested party. Texas & N. O. R. Co. v. Grace, 144 Tex. 71, 188 S. W.2d 378 (1945); Schafer v. Stevens, 352 S.W.2d 471, 478 (Tex.Civ.App.—Galveston 1955, no writ). The trial court did not err in refusing to submit this requested issue.

Appellant's three points are without merit and therefore the judgment is affirmed.