Ruben Harold **EDELSTEIN, Independent Executor of the Estate of Morris Edelstein, Deceased, et al., Appellants,**

v.

**G. E. LEHMANN et al., Appellees.**

No. 14838.

Court of Civil Appeals of Texas, San Antonio.

March 4, 1970.

Rehearing Denied April 1, 1970.

Edgar A. Wallace, L. W. Pollard, Kerrville, for appellants.

Darrell G. Lochte, Kerrville, for appellees.

,BARROW, Chief Justice.

Appellees, G. E. Lehmann and Gordon H. Monroe, as record owners brought this statutory trespass to try title suit against M. Edelstein for 35 acres of land out of Survey No. 1161, H. & O. B. RR. Co., Ab-

stract No. 570, in Kerr County, Texas. Mr. Edelstein died while the suit was pending and, upon a suggestion of death, his son, Ruben Harold Edelstein as independent executor, and his surviving widow, Yetta Wiesenthal Edelstein, were made defendants and are appellants here. Defendants pleaded not guilty and asserted the ten-year statute of limitations.[1] Judgment was entered on the jury verdict that plaintiffs recover of and from said defendants the title and possession of said 35 acres described in plaintiffs' petition. The parties will be referred to as in the trial court.

Defendants have duly perfected this appeal and assert twelve assignments of error, although three of such points are expressly waived. The first point complains of a comment to the jury by the trial court during the presentation of evidence. The second point asserts error in overruling defendants' motion for a take-nothing judgment after plaintiffs rested their case. The next four points complain of certain definitions in the court's charge. Points 7–10 assert error in the submission of Special Issues 1–4, although defendants waived complaint as to Issues 1, 3 and 4. The 11th point complains of the alleged error in entering judgment without a fact finding as to the location of a corner used in locating the beginning point of such tract. The final point asserts that the verdict of the jury is against the great weight and preponderance of the evidence.

The statement of facts contains almost 700 pages plus a bound volume of exhibits, four plats and numerous other exhibits. The 35–acre tract in dispute is located in the northeastern part of Survey No. 1161. It is situated in very rough hill country and is covered with cedar brush. There are many physical landmarks in the area, such as a highway, the south fork of the Guadalupe River, and certain distinguishable bluffs and canyons, all of which were known to various witnesses, but none of these landmarks are identified on any of the plats introduced into evidence. Therefore, we have had great difficulty in following much of the testimony of the witnesses.

The 35-acre tract is under a common fence with and is immediately west of a 36.2-acre tract in an adjoining survey which is apparently involved in another lawsuit, although the parties or nature of such litigation is not shown. In 1926 the 35-acre tract was separated by a deed of conveyance from the balance of Survey No. 1161, and it has been conveyed separately since that time. Since 1938 this tract was owned by R. P. Smith and/or his heirs. Plaintiffs' right to title and possession is based upon their proof of record title from sovereignty of the soil to the acquisition from the heirs of R. P. Smith in 1966. The exact shape and dimensions of the 35-acre tract are vigorously disputed, although there is no dispute as to the location of the north line of said tract which is the only line adjoining defendants' property. It is defendants' contention that the 71.2 acres have been under common fence with the east one-half of Survey No. 1228, which was purchased by Edelstein in the early 1930s, and that Edelstein had peaceable and adverse possession thereof, cultivating, using and enjoying the same for more than ten consecutive years.

Under their first point defendants assert that the trial court improperly commented on the testimony of plaintiffs' witness Louis Domingues who was the County Surveyor of Kerr County and had located the 35 acres on the ground. Mr. Domingues testified from a plat that he had prepared from the original field notes of the records in the General Land Office of the State of Texas. During the course of his direct testimony, he marked the 35 acres in dispute on such plat with a red pencil. Domingues was subjected to a lengthy and piercing cross-examination during which reference was made to various corners of numerous surveys on the

1. Art. 5510, Vernon's Ann.Civ.St.

plat and at least one survey which was not on this plat. In an obvious effort to eliminate any confusion over what property was in dispute, the trial court identified the 35-acre tract as marked in red by the witness, and also pointed out on said plat the northwest corner of Survey No. 1, and the northeast corner of Survey No. 1161. Defendants' attorney promptly had the jury removed and excepted to the remarks of the trial court in this connection.

■ We see no error in the trial court's comment. The plat was in evidence and showed the part in red as well as the location of the two corners identified by the trial court. The plat was similarly used by other witnesses during the trial and even counsel for defendants identified the part in red while questioning another witness. The trial court made it clear that such plat was prepared and marked by Domingues. We have carefully examined the record in this cause and we cannot see any partiality on the part of the trial court in this or any other act during the trial. Defendants' first point is overruled.

■ Defendants' second point complains of the trial court's failure to grant their motion for judgment after plaintiffs rested their case. Under this point it is urged that defendants are entitled to an instructed verdict for several reasons, none of which were included in such motion as dictated in open court. We doubt that these additional grounds are properly before us. See Rule 268, Texas Rules of Civil Procedure. Nor were these grounds set forth in defendants' amended motion for new trial. See Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960). In any event, their motion was waived when defendants elected not to stand on said motion but proceeded to introduce their evidence which was followed by plaintiffs' rebuttal evidence. Orkin Exterminating Co. v. Schorsch, 436 S.W.2d 422 (Tex.Civ.App. —San Antonio 1968, no writ); Texas Construction Rentals, Inc. v. Harrison, 410 S. W.2d 482 (Tex.Civ.App.—Waco 1966, writ

ref'd n.r.e.); Travelers Ins. Co. v. Arnold, 378 S.W.2d 78 (Tex.Civ.App.—Dallas 1964, no writ); Robb v. Gilmore, 302 S.W.2d 739 (Tex.Civ.App.—Fort Worth 1957, writ ref'd n.r.e.). The second point is overruled.

Defendants' third to sixth points complain of certain definitions in the court's charge and their seventh to tenth points complain of the submission of Special Issues Nos. 1–4 to the jury. In their brief defendants have waived any objection to Special Issues Nos. 1, 3 and 4, since the answers were either favorable to them or immaterial. Five issues were submitted to the jury which returned a verdict substantially as follows:

1. The original defendant, M. Edelstein, actually intended to claim the land in dispute or part of the same.

2. The use and possession, if any, which the original defendant, M. Edelstein, made of the disputed lands was not of such a nature as to put the real owner on notice of the claim of M. Edelstein.

3. The lands in dispute were not used by the defendant with the permission of the owners of the ranch known as "Marymeade."

4. The lands in dispute, or any part of the same, were not used for the use and benefit of the owners of the ranch known as "Potluck."

5. The original defendant, M. Edelstein, has not had for any period of ten (10) consecutive years prior to the filing of plaintiffs' suit herein, peaceable and adverse possession of the tract of land in controversy in this suit, either using, occupying or enjoying same, commenced and continued under a claim of right inconsistent with and hostile to the claim of plaintiffs herein and their predecessors in title.

■ It is seen that defendants' plea of the ten-year statute of limitations was de-

feated by the jury's finding to Issue No. 5. No complaint is made as to the form of this issue, although objection was made to the definition of "adverse possession" which is contained in such issue. The jury was instructed that the words "adverse possession" mean "an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of the real owner." Defendants objected to this definition because such definition was a *non-statutory. definition* and, therefore, amounted to a comment on the weight of the evidence. The definition given is in the words of the statute, viz., Art. 5515, Vernon's Ann.Civ.St., with the exception that "real owner" is substituted for claim "of another." We see no harm in this substitution under the record in this cause where plaintiffs were the only persons claiming under a record title. Nor were defendants harmed by the court's definition of "real owner" as "the owner who holds under a deed of record, or whose owner*ship is either admitted or is undisputed by* the evidence in this cause."

Defendants objected to the additional instruction that "possession, to be adverse, must have commenced and continued with the intent on the part of the claimant to appropriate such lands, that such possession must be exclusive, and that the possession must not be permissive." Defendants objected to this instruction on the grounds that same is duplicitous and multifarious and instructs on several *shades and phases all in one paragraph.* No complaint was made that this instruction did not correctly charge the law as applicable to the facts in this case. We do not know of any prohibition against an instruction being duplicitious, nor can we say that the instruction as given is confusing under the record in this case.

The other definition complained of was the word "notice" which was used in Special Issue No. 2. Defendants objected to such definition as being a comment on

the evidence by only instructing the jury regarding grazing of livestock and cutting of timber, whereas evidence showed other acts of possession, such as posting of signs. The definition did not limit the jury's consideration to only these two acts of possession. Defendants further objected because the evidence of notice was undisputed by disinterested witnesses. There was a conflict in the testimony in regard to notice. Defendants' objections to the definition of notice are without merit.

Defendants also complain of the giving of Issue No. 2 over their objections that there was no evidence to warrant the submission of such issue and that same was duplicitous. Such issue is immaterial in that the jury rejected the defendants' plea of adverse possession by their finding to Issue No. 5. Any error in the giving of this issue and the instruction in connection with same is therefore harmless. Rule 434, T.R.C.P. Defendants' third to tenth points complaining of the overruling of their *objections to the charge of the court are* without merit and are overruled.

Defendants' `eleventh point complains of the failure of the trial court to make a finding in the judgment as to the location of the NW corner of Survey No. 1. There was considerable testimony relative to the location of such corner in that, according to Mr. Domingues, such corner is also the SE corner of the 35-acre tract. This was contradicted by defendants' surveyor, Mr. Enderle. Plaintiff Monroe in rebuttal testimony showed a picture of the rock mound at such corner. It is seen that there is no call in the description of the land in dispute calling for such location, the beginning call of said tract being as follows: "Beginning at rock mound in line of old fence, the NE corner of Sur. 1161." The location of such beginning point was vigorously controverted by the testimony of the two surveyors. Mr. Domingues testified that the location of the rock mound marking the NW corner of Sur. 1, corroborated his location of the NE corner of

Survey 1161. There was no objection to the charge of the court for failure to submit such an issue and therefore it must be presumed that the trial court by its judgment resolved any conflict in the location of such beginning point. Rule 279, T.R.C. P. The description of the 35 acres as pleaded by plaintiffs, and as contained in the judgment, properly identifies the land in dispute. Cf. Jones v. Mid-State Homes, Inc., 163 Tex. 229, 356 S.W.2d 923 (1962). The eleventh point is overruled.

■ Defendants' final point urges that the verdict of the jury is against the great weight and preponderance of the evidence. This point is predicated upon the twelfth paragraph of their amended motion for new trial which reads: "The court erred in rendering judgment for plaintiffs herein because the verdict of the jury was against the great weight and preponderance of the evidence." We doubt that such assignment of error is sufficiently specific or definite to preserve this alleged error for appellate review. See Rules 320, 321 and 374, T.R. C.P.; Wagner v. Foster, supra. However, it is clear from the argument under same that defendants complain of the jury's failure to find that defendants established any period of ten years adverse possession of the tract in dispute.

■ Defendants' contention is based primarily on the testimony of Owen Merritt, who had leased the Edelstein property continuously since it had been acquired. Merritt was originally joined as a defendant but disclaimed any interest in the property. Merritt testified that the 71.2 acres was within a fence with the 320 acres owned by Edelstein and that Merritt had continuously run livestock in this trap. This was corroborated, at least in part, by several friends of Merritt who had lived in the area for many years and also by Merritt's son. Merritt was also the lessee or an employee of all the other adjoining landowners, and therefore it cannot be said that as a matter of law his possession was

notice of any claim by Edelstein to such land. Mr. Edelstein testified by deposition, prior to his death, that he never told anyone that he was claiming the tract in question. No fence was constructed by or on behalf of Edelstein to enclose such land. There is conflicting evidence regarding an old fence at the north end of the tract in question which would have separated it from defendants' 320-acre tract. The tract in dispute was never rendered for taxes by Edelstein, but the taxes were always paid by the record owners. There was conflicting evidence as to whether Merritt had posted "No Trespassing" signs on this property until shortly before the suit was filed. In any event the record does not establish for whom such signs were posted in view of Merritt's capacity as lessee or employee of other landowners adjoining such tract.

■ After a careful examination of the entire record, we cannot say that the jury's finding that Edelstein had not established adverse possession of the tract in dispute for any period of ten consecutive years prior to the filing of plaintiffs' suit is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. The facts in this case closely parallel those in Orsborn v. Deep Rock Oil Corp., 153 Tex. 281, 267 S.W.2d 781 (1954), where the Supreme Court held that there was no evidence of probative value tending to prove that plaintiff had adverse possession of the disputed tract as such term is defined by Art. 5515, Vernon's Ann.Civ.St. The Court there established the following rule which is applicable to the facts in our case: "When the disputed tract of land has been casually or incidentally enclosed with other land, especially when, as here, such other land is held by the possessor under deed, the incidental enclosure and the occasional grazing of the disputed tract by cattle straying from the title land will not amount to such adverse and hostile possession and use as will support the statute of limitations." See, also, Dingman v. Spengler, 371 S.W.2d 416

(Tex.Civ.App.—El Paso 1963, writ ref'd n.r.e.). Defendants' twelfth point is overruled.

The judgment of the trial court is affirmed.

