## THOMAS v. BILLINGSLEY.
### No. 13418.

Court of Civil Appeals of Texas.
Dallas.

June 18, 1943.

Rehearing Denied July 16, 1943.

Carter & Garonzik and Ben T. Warder, Jr., all of Dallas, for appellant.

Strasburger, Price, Holland, Kelton & Miller, of Dallas, for appellee.

BOND, Chief Justice.

Appellee instituted this suit against appellant in a district court of Dallas County, Texas, to recover a balance of $1,490, with interest and attorney's fees, due on a promissory note of $2,728.29, executed and delivered by appellant to appellee; and for foreclosure of a chattel mortgage on laundry machinery described and designated in the record as an "extractor" and "washers." Appellant defended his action in refusing payment of the balance due on the note on the ground of total failure of consideration of the contract purchase price of $650 for the extractor and partial failure of consideration of $498.75 on the purchase price of the washers. Appellant alleged and offered proof in detail of false representations in the contract of purchase and failure of performance of the machinery, and sought credit of $650 on the note for the total amount contracted to be paid for the extractor, and $498.75 on the purchase price of the washers for a partial failure of consideration; making a total credit claim of $1,148.75, leaving an unpaid balance on the note of $341.25, not presently due. Thus it will be seen that the controlling issues in suit, presented by appellant's pleadings, are total failure of consideration as to the extractor and partial failure of consideration as to the washers. On trial to a jury, the court submitted and the jury found that there was no failure of consideration contracted to be paid either for the extractor or the washers; accordingly, judgment was entered in favor of appellee.

The only points raised on this appeal are, that the court erred (1) in refusing to submit an issue as to whether there was a partial failure of consideration for the extractor in question, and to what extent such consideration had failed; and (2) in requiring the defendant to submit trial to a jury of only eleven men after announcement of ready and the jury of twelve men had been sworn.

We do not think there is any merit in either of the above assignments.

It will be observed that appellant relied solely upon total failure of consideration for the extractor and partial failure of consideration for the washers. These were the controlling issues raised by pleadings and supported by evidence, and were the issues properly submitted to and determined by the jury. Partial failure of consideration is a defensive matter, and while the issue of partial failure might well be submitted, where pleadings and proof support it, yet, where the court failed to submit the issue along with total failure of consideration, it was incumbent upon the defendant to object to the charge, or prepare and tender to the court, in due time, a requested issue in such form as the court could properly submit as presented. Kaiser v. Newsom, Tex.Civ.App., 108 S.W. 2d 755, error dismissed. Courts are not required to submit requested issues which are substantially and sufficiently covered by the court's main charge.

It will be seen from the record in this case that the defendant (appellant) raised no objection whatever to the charge for failure to submit the issue of partial consideration for the extractor. He requested issues covering partial failure of consideration, but such were embodied in a charge of thirteen special questions, involving his entire defense to the note in suit. The request for the submission was not in separate interrogatories, such as could properly have been submitted as presented, and the submission of same would have carried to the jury a duplication of the issues submitted in the court's charge. So, where the court fairly submitted the controlling issues raised by pleading and evidence as to total failure of consideration for the extractor, and no objection having been urged to the charge because of failure to submit other and various phases, or other and different elements of the same issue, and no issue of partial failure having been presented in proper form, the failure of the court to submit the issue shall not be deemed a ground for reversal of the judgment.

On the other point raised, we think the trial court was well within its province in proceeding with the trial after excusing one of the jurors selected and sworn with eleven others, and before the taking of testimony in the case had begun. No question is raised as to the disability of the juror excused, or to the court's exercise of authority in excusing him. The point raised is that, the trial of the case had not begun when the juror was excused, hence the "trial" was not "pending," so as to give rise to the power of the court in compelling defendant to proceed with the trial before eleven jurors. We think the "trial was pending" when the parties announced ready and the jury was selected and sworn to try the cause. At that stage of the trial, under provisions of Art. 5, Sec. 13, St.Const., Vernon's Ann.St., carried into Rule 292, Texas Rules of Civil Procedure, providing "When, pending the trial of any case, one or more jurors not exceeding three, may die, or be disabled from sitting, the remainder of the jury shall have the power to render the verdict * * *" the trial court was empowered to proceed with the trial of the cause, after excusing one of the jurors because of his disability, and allow the remainder of the jury to render the verdict in the manner provided by law.

Finding no error in the judgment of the trial court, it is affirmed.

Affirmed.