Donald SCHWAB, Appellant,

v.

Bobby Glen STEWART, individually and on
behalf of his wife, Zola Mae
Stewart, Appellees.

No. 7395.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 21, 1964.

Rehearing Denied March 1, 1965.

Morehead, Sharp, Boyd & Tisdel, Plainview, for appellant.

Splawn & Maner, Lubbock, for appellees.

CHAPMAN, Justice.

The following opinion is in lieu of our opinion announced on September 21, 1964.

This is an appeal by Donald Schwab from a judgment based upon a jury verdict for Bobby Glen Stewart, individually and on behalf of his wife, Zola Mae Stewart, growing out of a collision between Mr. Schwab and Mrs. Stewart.

The first two points assert reversible error for the failure of the court to give appellant's special requested Issue No. Nine tendered in the language of Article 6701d, Section 61(a), inquiring if Mrs. Stewart was following the pickup driven by appellant "more closely than was reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the conditions of the highway." The other component part of the requested issue

then inquired if such act was a proximate cause of the collision, requesting no issue on negligence.

The court asked the jury in Special Issue No. 14:

"Do you find from a preponderance of the evidence that Zola Mae Stewart, on the occasion in question, followed too closely to the vehicle driven by the Defendant, Schwab?"

He then asked in conditional issues if it was negligence and a proximate cause.

The jury answered "Yes" to the 14th Issue but found it was not negligence. This required no answer to the proximate cause issue in the series. No objection was made to the three issues as submitted. Appellant insists he was not required to object to the issues as submitted because Issue 14, though inquiring if Mrs. Stewart was following too closely, was not worded in the exact language of Section 61(a) of Art. 6701d; that they were entitled to the issue of following too closely in the exact wording of the statute; that Section 61(a) constitutes contributory negligence as a matter of law and therefore did not require a negligence finding.

We do not believe the Supreme Court of Texas has passed on the particular question as to whether a violation of 61(a) of Article 6701d constitutes negligence as a matter of law. They have passed on Section 86 of Article 6701d included in the same article entitled "Uniform Act Regulating Traffic on Highways."[1] Many Courts of Civil Appeals have written on various sections of the named article. In the McFerrin case just cited the Supreme Court listed many cases where intermediate appellate courts have written on the section of the article there in question. A reading of those cases will show the Courts of Civil Appeals have not been uniform in their holdings.

1. Missouri-Kansas-Texas R. Co. of Tex. v. McFerrin, 156 Tex. 69, 291 S.W.2d 931; Texas & New Orleans Railroad Co. v. Day, 159 Tex. 101, 316 S.W.2d 402.

A study of the two Supreme Court cases cited under Footnote One are convincing to the effect that the court has rejected the theory that a violation of any of the more than one hundred sections of Article 6701d constitutes negligence as a matter of law, regardless of the facts involved. In discussing the section there involved on the question of a violation constituting negligence as a matter of law the court in the McFerrin case said:

"We reject the theory and hold that whether a train was 'in hazardous proximity' to a crossing, so as to impose on an approaching motorist a duty to stop, must be determined by the court from the evidence of the facts and circumstances existing at the time the motorist was compelled to make a decision, and should not be determined by or from the happening of subsequent events. We would be loath, indeed, to hold that the legislature, by the enactment of Article 6701d, Sec. 86(d), laid down a rule of evidence by which in this situation it has exacted of the motorist perfect foresight of all eventualities."

Indiana has a statute which is in all material respects the same as the statute construed in McFerrin. That statute was construed by the Seventh Circuit of the Federal Intermediate Appellate Court.[2] That court has said:

"In considering the issue thus presented, we are to be mindful of the Indiana rule that, ordinarily, contributory negligence is a question of fact for the jury. This is so, where the facts are such as to be subject to more than one reasonable inference. Dommer v. Pennsylvania R. Co., 7 Cir., 156 F.2d 716, 718; Lake Erie & Western R. Co. v. McFarren, 188 Ind. 113, 117–118, 122 N.E. 330. 'It is only where the controlling facts are not in dispute and are susceptible of but one conclusion upon the part of reasonable men, that the question becomes one of law for the court.' "

We conclude that our Supreme Court in following the Indiana rule has adopted what has become to be known as the "Reasonably Prudent Man" doctrine. In McFerrin the court said:

"It seems to us that in determining whether the fact situation is such as to call the statutory duty into existence, we should not hold the motorist to greater wisdom or better judgment than a reasonably prudent person, similarly situated, would exercise. Accordingly, we apply the objective common-law test of the reasonably prudent man and hold that before it can be said in a given case that an approaching train was 'plainly visible' as a matter of law, it must appear, as a matter of law, that a reasonably prudent person, situated as was the motorist and exercising ordinary care for his own safety, should have seen it."

In the Texas & New Orleans Railroad Co. case cited in Footnote One the Supreme Court said:

"Conceding that the approaching train could have been seen by the operator had he looked to the right on a second occasion at an earlier time, his failure to do so should not be held to convict him of failure to keep a proper lookout, as a matter of law, unless we can say that under the same or similar circumstances no prudent man would have acted as he did."

Now, to apply the law to the facts of our case.

With sufficient probative evidence to support the issues, the jury found Mr. Schwab suddenly stopped his pickup in which he was driving ahead of Mrs. Stewart, which constituted negligence and a proximate cause of the collision; that he failed to

2. Pearson v. Baltimore & Ohio R. Co., 200 F.2d 569.

keep a proper lookout, which was a proximate cause; and that he failed to keep his pickup under control which was negligence and a proximate cause.

The jury found in Special Issue 14 that Mrs. Stewart was driving too closely to the pickup but exonerated her of negligence. In doing so they, in effect, held that even though she violated Section 61(a) of Article 6701d she was not without excuse in doing so. We believe these facts would require an application of the "Prudent Man Doctrine," thus requiring a submission of the question of negligence, which was not included in the requested and rejected Issue No. 9 complained about and its proximate cause component. Missouri-Kansas-Texas R. Co. of Texas v. McFerrin, supra; Texas & New Orleans Railroad Co. v. Day, supra; Pearson v. Baltimore & Ohio R. Co., supra; Phoenix Refining Co. v. Powell, Tex.Civ.App., 251 S.W.2d 892 (N.R.E.). Our finding in this regard is strengthened by the fact that the court submitted in Special Issue No. 32 the following question:

"Do you find from a preponderance of the evidence that on the occasion in question Zola Mae Stewart failed to exercise that degree of care as would have been used by an ordinary prudent person under the same or similar circumstances?"

To this submission the jury answered "No."

Additionally, appellant made no objection to the form of submission of Issues 14, 15, and 16, thus waiving any error. Pacific Employers Ins. Co. v. Brasher, Tex. Civ.App., 234 S.W.2d 698 (N.R.E.); Southwestern Settlement & Develop. Corp. v. State, Tex.Civ.App., 282 S.W.2d 78 (N.R. E.); City of Dallas v. Priolo, 150 Tex. 423, 242 S.W.2d 176. In the last cited case the Supreme Court said:

"Rule of Civil Procedure No. 274 provides: 'A party objecting to a charge must point out distinctly the matter to which he objects and the grounds of his objection.' Assuming that the requested charges were more accurate than those given, a request to give them not coupled with any objection to the form used by the court will not be given effect as an objection to the issues as given."

Accordingly, appellant's first two points are overruled.

In his next series of points appellant alleges reversible error in permitting evidence of diminished capacity of Zola Mae Stewart to perform her household duties and in allowing recovery therefor because such damages were not pleaded.

Bobby Glen Stewart pleaded his wife was permanently disabled. The text writer in 17 T.J.2d, Damages, Sec. 194 at page 260, says:

"It is well established that all such damages as naturally and necessarily flow or result from the act complained of are considered general damages and need not be specially pleaded."

Under the same title, Section 216 at page 281 and 282, it is textually stated as follows:

"If the injuries sustained by a wife are of such character as to imply destruction or diminution of her mental and physical qualities, the time and services thus lost are recoverable as general damages, and the amount thereof need not be specially alleged and may be ascertained under the general averment."

Those textual statements find support in Missouri, K. & T. Ry. Co. v. Vance, Tex. Civ.App., 41 S.W. 167; Beaumont City Lines v. Williams, Tex.Civ.App., 221 S.W. 2d 560 (NRE).

We therefore believe and so hold that the pleading was sufficient to warrant the evidence and recovery complained about. It would naturally follow that if a

housewife is permanently disabled she had diminished capacity to perform household duties. Especially would this be true if she had small children. The record shows Mrs. Stewart had five children, two small ones being with her on the occasion of the collision.

In points six and seven appellant contends the answer of the jury to Special Issue No. 15 finding Mrs. Stewart was not negligent in following appellant's pick-up too closely was so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. In considering this question we must weigh and consider all the evidence in the case and set aside the verdict and remand the cause for new trial if we conclude the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

We have studied the statement of facts carefully for the second time and we cannot say in applying the rule just announced that the jury's answer absolving Mrs. Stewart of negligence in following too closely was so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust.

Mr. Schwab saw his wife approaching toward the pickup in her automobile. He decided she might want to talk to him and started slowing down. He admitted he had not looked back to see if anyone was behind him, even though he had a side-view mirror, until Mrs. Stewart was in a car-length of him. He testified in approaching his wife he thought at one time she was going to stop, that he started slowing down, but never pulled off the road. The testimony shows he then attempted to accelerate but pressed the accelerator so hard his pickup motor died, something else Mrs. Stewart, from her position, could not have foreseen would happen.

Mrs. Stewart testified she was about three hundred feet from the pickup when she saw Mr. Schwab slowing down, that she considered passing him but changed her mind because of the car approaching from the opposite direction; that within a hundred feet of him "I might have slowed down slightly, I don't know." Then when asked if she took any precaution she testified: "Well, I didn't know at that time that he was stopping. * * * I wasn't thinking about him stopping. I didn't have that on my mind." She then testified she had the impulse to lock her brakes when she was about one hundred feet from the pickup and that she made skid marks of about thirty-five or forty feet. She testified she thought she was a safe distance behind the pickup and continued to emphasize the fact that she never had any warning he was going to stop and didn't have any thought of the machine in front of her suddenly stopping.

There is evidence both from Mr. Stewart and Mr. Green that Mr. Schwab, on several occasions, made the statement that the collision was his fault.

The jury as the exclusive judges of the credibility of the witnesses and of the weight to be given to their testimony had the right to believe one witness and disbelieve another, or to believe part of the testimony of the witness and disbelieve any other part. Therefore, we cannot say the finding of no negligence in driving too closely was so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust.

In his next complaint appellant raises the great weight and preponderance point on the finding of the jury that Mrs. Stewart did not fail to keep a proper lookout. We feel the facts have been sufficiently discussed concerning the events preceding the collision that we may say without further discussion that we believe the point is without merit.

The last issue raised is alleged error for refusal of the court to submit Special Requested Issue 4 inquiring if Mrs.

Stewart failed to keep back a reasonable distance so as to provide for the contingency of the vehicle in front suddenly stopping. We believe this to be just another shade of other issues given with respect to driving too closely behind the pickup and we do not believe its refusal constituted reversible error.

"Where the court has fairly submitted the controlling issues raised by such pleading and the evidence, the case shall not be reversed because of the failure to submit other and various phases or different shades of the same issue." Rule 279, Vernon's Ann.Tex.Rules.

It is settled law that trial courts are not required to submit requested issues which are substantially and sufficiently covered by the main charge. Thomas v. Billingsley, Tex.Civ.App., 173 S.W.2d 199 (error refused); Smith & Conklin Bros. v. Griffith, 153 Tex. 341, 268 S.W.2d 124; Texas & Pacific Ry. Co. v. Snider, 159 Tex. 380, 321 S.W.2d 280.

Accordingly, the judgment of the trial court is in all things affirmed.