John W. SCOTT, Jr., Indiv. and as Next Friend for Brenda Scott, a Minor, Appellant,

v.

GIBSON OIL COMPANY et al., Appellees.

No. 586.

Court of Civil Appeals of Texas, Tyler.

Oct. 7, 1971.

Garrett & Letbetter, Max Garrett, George Payne, Houston, for appellant.

Renfrow, Zeleskey, Cornelius, Rogers & Berry, Kenzy D. Hallmark, Lufkin, for appellees.

DUNAGAN, Chief Justice.

This is a personal injury action and was brought by John W. Scott, Jr., as next friend of his minor daughter, Brenda Scott, against Gibson Oil Company, a partnership consisting of James W. Gibson and Marvin Clyde Gibson. Based upon a jury verdict, judgment was entered in favor of defendants-appellees and against the plaintiff-appellant. From this judgment appellant has appealed.

This lawsuit resulted from a collision between an automobile driven by the wife of the appellant, John W. Scott, Jr., and the mother of Brenda Scott and an automobile driven by Marvin Clyde Gibson. Brenda Scott who was a passenger in the automobile driven by her mother was injured.

The following facts were established by the evidence. The accident in question occurred on August 22, 1969, at the intersection of East Lacey Street and Loop 256 in Palestine, Anderson County, Texas. At the time of the accident Mrs. Scott was proceeding in a northerly direction on Loop 256, and Mr. Gibson was attempting to cross Loop 256 on East Lacey Street.

The next preceding intersection for Mrs. Scott before reaching the intersection of East Lacey Street and 256, was intersection of Loop 256 and the Rusk Highway. Mrs. Scott testified that she stopped at that intersection in obedience to a four-way stop sign and caution light at said intersection which is located approximately 500 feet from the intersection of East Lacey Street where the accident occurred. East Lacey Street is controlled by stop signs. Although it was not raining at the time of the accident, the road was wet. There was a very light mist, but not enough to necessitate the use of windshield wipers. The view of the intersection was clear. According to Mrs. Scott's testimony when she first saw the automobile driven by Mr. Gibson, her automobile was about 250 feet from the intersection where the collision occurred or about one-half way between the Rusk Highway and East Lacey Street on Loop 256. Mrs. Scott testified that the Gibson car was about two car lengths from the pavement of Loop 256 when she first saw his automobile. At that time she was driving approximately 20 miles per hour. She had previously, apparently by deposition, ·estimated 40 miles per hour, but upon the trial of the case testi-

fied that her speed was closer to 20 miles per hour.

Mrs. Scott did not know whether Mr. Gibson stopped at the stop sign on East Lacey Street. Marvin Clyde Gibson testified that as he approached the stop sign on East Lacey Street where it intersected Loop 256, he stopped at the stop sign and saw Mrs. Scott's automobile as it was pulling away from the stop sign at the intersection of Loop 256 and the Rusk Highway. At that time, she was approximately 500 feet from the intersection in question. As Mr. Gibson started across East Lacey Street, Mrs. Scott's automobile had proceeded from a stop and was one or two car lengths from the stop sign at the intersection of Rusk Highway and Loop 256, and in his estimation he had plenty of time to cross the street. He saw her leaving the stop sign. When he started away from the stop sign, she was two or three car lengths from the stop sign at the Rusk Highway intersection, and as he started across the street, his wheels started spinning. He was giving it gas, and it was just barely moving and creeping along, and he couldn't get it to catch hold. He let off on the accelerator a little bit to try to get it to catch but the wheels just continued to spin and that after he had got out there that's all he could do about it. He testified that he couldn't do anything else; that the wheels were spinning; and he said he did everything to try to get it to go but it would not. At this time, he had already committed himself to his course of action and with the wheels spinning he was unable to extricate himself from the traveled portion of Loop 256, and the collision occurred.

Appellant seeks a reversal and remand of the trial court's judgment for a new trial on the grounds that the trial court erred in overruling his amended original motion for a new trial because the jury's findings in response to Special Issues Nos. 1, 3, 5 and 13 [1] are so against the great

1. "Special Issue No. 1: Do you find from a preponderance of the evidence that on the occasion in question, Marvin Clyde Gibson, entered the intersection when the vehicle driven by Rebecca Scott was within the intersection or approaching so

weight and overwhelming preponderance of the evidence as to be manifestly wrong and unjust.

All of appellant's four points of error presented on this appeal constitute a challenge to the jury's verdict as being against the overwhelming great weight and preponderance of the evidence.

 It was within the jury's province to judge the credibility of the witnesses and the weight to be given their testimony, and to resolve conflicts and inconsistences in the testimony of any one witness as well as the testimony of different witnesses. Austin Fire Ins. Co. v. Adams-Childers Co., 246 S.W. 365 (Tex.Com.App.1923). Also, the jury had the right to believe one witness and disbelieve another, or to believe part of the testimony of the witness and disbelieve any other part. Schwab v. Stewart, 387 S.W.2d 939 (Tex.Civ.App., Amarillo, 1964, writ ref., n. r. e., 390 S.W. 2d 752).

The jury is the judge of the facts and circumstances proven and may draw reasonable inferences and deductions from the evidence adduced before it.

This court has the power to grant a new trial where the finding of the jury or the court is so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust, but we are not authorized to substitute our judgment for that of the jury or the court simply because we might have reached a different conclusion on the facts. Continental Bus System, Inc. v. Biggers, 322 S.W.2d 1 (Tex.Civ.App., Houston, 1959, writ ref., n. r. e.); Dallas Ry. &

Terminal Co. v. Farnsworth, 148 Tex. 584, 227 S.W.2d 1017 (1950); Dellolio v. Brown, 399 S.W.2d 425 (Tex.Civ.App., Houston, 1966, n. w. h.).

Consideration of appellant's points has required us to examine the entire record. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951). Having done so and having considered all of the evidence, that supporting as well as that contrary to the verdict and judgment, it is our opinion and we so find that none of the answers made by the jury complained of here are so contrary to the weight and preponderance of the evidence as to be manifestly wrong and unjust. Accordingly, appellant's points of error are overruled.

Judgment of the trial court is affirmed.

closely as to constitute an immediate hazard?

"Answer: 'We do not.'

"Special Issue No. 3: Do you find from a preponderance of the evidence that on the occasion in question, Marvin Clyde Gibson failed to keep such a lookout as a person using ordinary care would have kept?

"Answer: 'We do not.'

"Special Issue No. 5: Do you find from a preponderance of the evidence that

on the occasion in question, Marvin Clyde Gibson, failed to make such application of the brakes as a person using ordinary care would have made?

"Answer: 'We do not.'

"Special Issue No. 13: Do you find from a preponderance of the evidence that the occurrence in question was not the result of an unavoidable accident?

"Answer: 'It was the result of an unavoidable accident.' "