**W. D. THEOBOLD et al., Appellants,**

v.

**Sarah H. PATE et al., Appellees.**

**No. 934.**

Court of Civil Appeals of Texas, Tyler.

Sept. 30, 1976.

Rehearing Denied Oct. 28, 1976.

---

Russell H. McMains, Fulbright & Jaworski, Houston, for appellants.

John F. DeMille, Schmidt & Matthews, Randall Hopkins, Baker & Botts, Houston, for appellees.

DUNAGAN, Chief Justice.

This is a venue case brought on appeal from an order overruling a plea of privilege in the 151st Judicial District Court of Harris County, Texas. Suit was brought on July 11, 1969, by Sarah H. Pate, individually, as community survivor of her marriage and as representative of the estate of her deceased husband, Carl H. Pate, and as next friend of her minor daughter, Jerri Lee Pate; and by Thomas Pate and Mrs. Frank Turbo, all hereinafter called "Plaintiffs-Appellees." The suit complained against Southern Pacific Transportation Company, Theobold Trucking Company, W. A. Theobold, individually and d/b/a Theobold Trucking Company, C. F. Lykke and Ervin O. Schwarz, all defendants. The suit is a wrongful death and survival action based on Articles 4671 et seq. and 5525, Tex.Rev.Civ.St.Ann., which arose from an accident in which a Southern Pacific train collided with a pickup truck driven by Carl H. Pate who died fourteen days after the accident. Theobold Trucking Company, W. D. Theobold, individually and d/b/a Theobold Trucking Company, and Ervin O. Schwarz (hereinafter called "Appellants") filed their plea of privilege to be sued in Williamson County, Texas, where each allegedly resided and maintained their domicile. Plaintiffs controverted the plea and sought to maintain venue in Harris County, Texas, under the provisions of Article 1995, Subdivision 4, Tex.Rev.Civ.Stat.Ann. Following a nonjury hearing, the plea of privilege was overruled. Appellants have perfected their appeal.

Plaintiffs adopted and incorporated their original petition as part of their controverting affidavit. Plaintiffs alleged in their petition that the collision, fatal injuries, and ultimate death of Carl Pate were caused by the negligence of the Defendants acting individually by and through their employees. Plaintiffs further alleged in their controverting plea that venue as to all defendants was proper in Harris County, Texas, pursuant to Article 1995, Subdivision 4, Tex.Rev.Civ.Stat.Ann., and specified the following venue facts: (1) that there were two or more defendants in this litigation, and that one of them, Southern Pacific Transportation Company, was a resident of Harris County, Texas, for venue purposes; (2) that Southern Pacific Transportation Company had been served with process, had filed its answer, and was before the court; (3) that the appellants (non-resident defendants) were proper parties to the suit on the basis that they and Southern Pacific Transportation Company were joint tortfeasors; (4) that the claims against each, being joint, justified the joining of all defendants to avoid a multiplicity of suits and to afford plaintiffs complete relief in one trial.

The trial court filed findings of fact, three findings of which appellants assert to be in error. The three contested findings are:

"(3) The Court finds negligence as to the Defendant, Southern Pacific Trans-

portation Company, and as to its agents, servants and employees who were acting in the course and scope of their employment at the time of the occurrence in question.

"(4) The Court finds that the negligence of the Southern Pacific Transportation Company and its agents, servants and employees acting in the course and scope of their employment for the Southern Pacific Transportation Company was a proximate cause of the occurrence in question.

"(5) The Court finds that the Plaintiffs suffered pecuniary damages through the death of Carl Pate, deceased, arising out of the occurrence in question."

"In determining whether the trial court's findings are supported by any evidence of probative value, we will give credence only to the evidence favorable to the findings and will disregard all evidence to the contrary. The findings of fact and the conclusions of law will be construed together; and if the findings of fact are susceptible of different constructions, they will be construed, if possible, to be in harmony with the judgment and to support it." *Brown v. Frontier Theatres, Inc.*, 369 S.W.2d 299, 301 (Tex.1963); *Holmes v. Clow*, 533 S.W.2d 99 (Tex.Civ.App., Tyler 1976, no writ history).

Appellants in their brief urge that the trial court committed error in overruling their plea of privilege, contending that:

(1) There was no evidence or, alternatively, insufficient evidence to support the court's finding that Plaintiffs had suffered pecuniary loss and thus had no cause of action under the wrongful death statute;

(2) There was no evidence or, alternatively, insufficient evidence that any of the appellees were statutory beneficiaries or

representatives entitled to assert a cause of action under the wrongful death or survival statutes;

(3) There was no evidence or, alternatively, insufficient evidence that the resident defendant (Southern Pacific Transportation Company) was negligent on the occasion in question; and

(4) There was no evidence or, alternatively, insufficient evidence to support the finding that the resident defendants' acts or omissions on the occasion in question were a proximate cause of the occurrence.

Plaintiffs-appellees in their brief present counterpoints to each of the points of error presented by Appellants.

The record discloses the following undisputed facts. The train-pickup truck collision occurred on July 13, 1967, in Eagle Lake, Colorado County, Texas, at the intersection of McCarty Street and the railroad tracks of the Southern Pacific Company. The accident occurred when the pickup truck driven by Carl H. Pate, deceased, was caused to stop upon the railroad tracks. Shortly thereafter, a train owned by Southern Pacific Company and operated by its employee, C. F. Lykke, struck the pickup truck causing it to hit Pate who had fled the pickup truck when the collision became imminent.

Pate's pickup truck was forced to stop on the railroad tracks when the automobile in front of him driven by Virginia Snelling stopped. There is evidence that the reason Virginia Snelling stopped was to avoid hitting Appellants' dump truck which was making a left turn at the intersection of Post Office Street and McCarty Street a short distance north of the railroad intersection.

The intersections, directions and locations of vehicles, and location of the railroad track are illustrated by a drawing, which, however, is not drawn to scale, as follows:

1. THEOBOLD COMPANY TRUCK
2. VIRGINIA SNELLING VEHICLE
3. DECEASED'S PICKUP TRUCK
4. SOUTHERN PACIFIC TRAIN

The dump truck was owned by Theobold Trucking Company and operated by its employee, Schwarz. The record discloses that Schwarz made a left turn off of Post Office Street to proceed south on McCarty Street, causing Virginia Snelling to come to a stop which, in turn, caused Pate to stop on the railroad track where his pickup truck stalled. Pate attempted to start his pickup truck and remained in it until just before it was hit by the Southern Pacific train.

The testimony regarding the train's speed, warning signals, degree of care of the train's engineers, and efforts to stop is disputed. A complete and concise consideration of the negligence and proximate cause evidentiary issues will be made later in this opinion.

Appellants' first four points of error state respectively that there was no evidence or, alternatively, insufficient evidence that any of the Plaintiffs were statutory beneficiaries or representatives entitled to assert a cause of action under the wrongful death or survival statutes and that any of the Plaintiffs suffered pecuniary loss as a result of the accident.

Plaintiffs in their original petition plead the status of each Plaintiff to bring suit under the wrongful death statute as beneficiary. Additionally, Sarah H. Pate pleads her status to bring suit under the survival statute as representative of the estate of the deceased. No evidence of Plaintiffs' status was produced at the trial court hearing. Appellants' points of error on this issue are well taken in this regard.

However, Appellants' point of error, in questioning the "status" of the Plaintiffs-Appellees to bring suit, is actually questioning their capacity to bring suit. Appellants failed to place the capacity of each Plaintiff to bring suit in issue in their answer, which contained a general denial. A general denial places in issue all matters pleaded by the adverse party which are not required to be denied under oath. Tex.R.Civ.P. 92. A pleading setting up the matter that the

Plaintiff does not have legal capacity to sue must be verified. Tex.R.Civ.P. 93(b); *Taylor v. Republic Grocery,* 483 S.W.2d 293 (Tex.Civ.App., El Paso 1972, no writ history). "Under our statutes and rules certain facts will be taken as admitted unless the defendant puts the same in issue by a verified pleading, and the plea of privilege does not constitute a verified denial of any allegation of plaintiffs' petition required to be denied under oath unless specifically alleged in such plea." *Ladner v. Reliance Co.,* 156 Tex. 158, 293 S.W.2d 758 (1956); *Shell Chemical Company v. Lamb,* 493 S.W.2d 742 (Tex.1973); *McGuire v. Overton Memorial Hospital,* 514 S.W.2d 79 (Tex.Civ. App., Tyler 1974, writ ref'd n.r.e., 518 S.W.2d 528). Thus, Appellants' points of error as to the status of the Plaintiffs to bring suit is overruled.

■ Appellants also contend that the failure of the Plaintiffs as beneficiaries to prove that they suffered pecuniary loss due to the wrongful death of the deceased denies them a cause of action under the wrongful death statute. A wrongful death and damages must be shown before a cause of action is established under the wrongful death statute. *Wood v. Texas & P. Ry. Co.,* 213 S.W.2d 101 (Tex.Civ.App., El Paso 1948, no writ). There is no proof in the record that Plaintiffs as beneficiaries suffered any pecuniary loss.

■ However, this suit is also based on the survival statute. Appellants at the hearing stipulated that the deceased experienced pain and suffering from injuries which later resulted in death. This stipulation gives rise to a cause of action under Art. 5526, Tex.Rev.Civ.St.Ann., a cause of action which is separate and distinct from the wrongful death statute. *Landers v. B. F. Goodrich Co.,* 369 S.W.2d 33 (Tex.1963). Thus, even though a requisite venue fact under the wrongful death statute might not have been proven, there is uncontroverted proof of a cause of action under the survival statute to properly meet venue requirements.

■ To maintain venue under Art. 1995, Subdivision 4, Texas Rev.Civ.Stat.Ann., the Plaintiff must show the following venue facts: (1) that one defendant resides in the county of suit; (2) that the defendant asserting the plea of privilege is at least a proper party to the claim against the resident defendant; (3) that the plaintiff has a cause of action against the resident defendant. *Stockyards National Bank v. Maples,* 127 Tex. 633, 95 S.W.2d 1300 (1936).

■ Plaintiff submitted sufficient testimony to indicate that E. O. Schwarz ran a stop sign at the intersection of Post Office Street and McCarty Street, thereby setting in motion the occurrences which caused Pate to become stranded on the railroad track. Such conduct warrants the inclusion of Appellants as proper parties based on their negligent conduct just prior to the accident.

■ The third venue requirement of a cause of action against the resident defendant necessitates a detailed consideration of the statement of facts, since, in order to recover, Plaintiffs must show negligence on the part of the resident Defendant under the wrongful death and survival statutes.

Appellants in their brief assert that proof of the occurrence of an accident or collision is not proof of negligence, citing *Calhoun v. Padgett,* 409 S.W.2d 890 (Tex.Civ.App., Tyler 1966, no writ) and *Renfroe v. Ramsey,* 477 S.W.2d 648 (Tex.Civ.App., Houston 14th Dist. 1972, no writ). While we recognize that the decision in each of those cases relied on by Appellants was correctly reached by the respective courts, we do not believe that the factual situation shown by the record in this case is limited to such a concise level of evidence. There is evidence, though controverted, that indicates the Southern Pacific Transportation Company and/or its employees were negligent in failing to stop before hitting the deceased's pickup.

The record contains testimony of Harold Treutle, who was the fireman on the train that particular day, to the effect that the intersection is visible from the railroad tracks approximately three-quarters of a

mile east of the intersection. Virginia Snelling testified that when she crossed the tracks there was not a train in sight, nor could she hear an approaching train. Walter Meitzen testified that when he first saw the deceased's pickup stopped on the track, he did not see a train in the vicinity nor was he aware of a train approaching. Both Snelling and Meitzen testified that the railroad warning bells and lights were not working at the time Mr. Pate first became stopped on the tracks.

Clifford Lykke, the train engineer, testified that he saw the deceased's vehicle pull up on the track when he was about 200 feet east of the point of collision, and that he immediately applied the emergency brake. The fireman on the train, Harold Treuttle, testified that he did not see the deceased's pickup until about 150 feet from the point of collision and that at that time the emergency brakes were not on. He also testified that when he first saw the pickup it was already stopped on the track. He yelled to Lykke to "big hole it," meaning to apply the emergency brakes, and simultaneously the brakes were applied.

Concerning the warning bell and lights, Lykke testified that the lights were activated at a point on the tracks just west of the tower. Treuttle testified that the tower was located right after the tracks straightened out approximately three quarters of a mile from the intersection. Considering this testimony in light of the testimony of Snelling and Meitzen that the warning lights were not on when the deceased's pickup was stopped on the tracks, plus their testimony that no train was in sight when the deceased's vehicle was stopped, there is evidence to the effect that the deceased's pickup was stopped on the track at a point and time that it was visible to the approaching train soon enough for it to have applied its emergency brakes and stopped.

The fact that much of the testimony in the record is conflicting does not call for reversal and remand of this matter. Where there is evidence of probative force to support the findings and judgment of the trial court such findings are controlling

on the reviewing court and will not be disturbed even though the evidence is conflicting and the appellate court might have reached a different result. *Fonseca v. County of Hidalgo,* 527 S.W.2d 474, 481 (Tex.Civ.App., Corpus Christi 1975, writ ref'd n.r.e.); *Beef Industries, Inc. v. Bruer,* 516 S.W.2d 716 (Tex.Civ.App., Amarillo 1974, no writ). It is within the province of the trier of facts to determine the weight and credibility of each witnesses' testimony thereby resolving conflicts and inconsistencies between the testimony of all witnesses. *Scott v. Gibson Oil Co.,* 471 S.W.2d 924 (Tex.Civ.App., Tyler 1971, no writ); *Schwab v. Stewart,* 387 S.W.2d 939 (Tex.Civ.App., Amarillo 1965, writ ref'd n.r.e.).

After reviewing the entire record, we find that there is sufficient evidence of probative force to support the trial court's findings and judgment.

Judgment of the trial court is affirmed.