Sarah H. PATE et al., Appellants,

v.

SOUTHERN PACIFIC TRANSPORTATION CO., et al., Appellees.

No. 1706.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 21, 1977.

Rehearing Denied June 21, 1978. (with opinion).

Second Rehearing Denied July 14, 1978.

James H. Brannon, Schmidt & Matthews, Houston, for appellants.

Randall A. Hopkins, Ronald L. Palmer, Baker & Botts, Russell H. McMains, Fulbright & Jaworski, Houston, for appellees.

COULSON, Justice.

This is an appeal from a judgment entered non obstante veredicto in favor of the defendants in a wrongful death and survival action.

On July 13, 1967 Edwin O. Schwarz, an employee of Theobold Trucking Company, failed to stop the dump truck he was driving at a stop sign. Because of this failure a car driven by Virginia Snelling was forced to make an abrupt stop to avoid hitting Schwarz's track, which, in turn, caused the pickup truck following Snelling's car to stop on a Southern Pacific railroad crossing. For some undetermined reason, the pickup stalled after this emergency stop and its driver, Carl H. Pate, was unable to restart it. As all of this occurred a Southern Pacific train, operated by C. F. Lykke, was approaching the crossing. Although the train was a considerable distance from the crossing when the pickup stalled, as Pate repeatedly tried to restart it, the train drew nearer. Finally, Pate abandoned the pickup and in an attempt to save his life ran down the tracks, away from the train. Unfortunately, the train collided with the pickup, pushed it a short way, and threw it off onto Pate. Pate was seriously injured and eventually died.

In 1969 the plaintiffs, Mrs. Sarah H. Pate, the deceased's wife (individually and as representative of her husband's estate, and as next friend of their minor child, Jerri Lu Pate), and Thomas Pate and Mrs. Frank Turbo, the deceased's adult children, filed a wrongful death and survival action against Southern Pacific Transportation Company, C. F. Lykke, Theobold Trucking Company, W. D. Theobold, and Edwin O. Schwarz. Lykke and Schwarz were subsequently dropped as defendants. In March 1977, following Theobold's unsuccessful venue appeal, reported in *Theobold v. Pate,* 542 S.W.2d 460 (Tex.Civ.App.—Tyler 1976, writ dism'd), a trial on the merits was held. The jury found that the truck company and the railroad, but not Pate, were negligent, that Schwarz was within the scope of his employment at the time the accident occurred, and awarded $179,950.00 in damages to the various plaintiffs. Southern Pacific and Theobold Trucking both moved for judgment non obstante veredicto. This was granted and the plaintiffs have appealed. We affirm as to defendants Theobold Trucking Company and W. D. Theobold, and as to the award to the adult children of the deceased, but reverse and render as to the other defendant, Southern Pacific Transportation Company.

A court may enter judgment non obstante veredicto if the material jury findings are without support in the evidence or are contrary to the conclusive evidence. *Le Master v. Fort Worth Transit Co.,* 138 Tex. 512, 160 S.W.2d 224 (1942). All evidence must be viewed in the light most favorable to the jury's findings. *Douglass v. Panama, Inc.,* 504 S.W.2d 776 (Tex.Sup.1974). Applying these rules we find that the trial court was correct in granting judgment non obstante veredicto as to Theobold Trucking Company and W. D. Theobold, and in refusing to award recovery to the deceased's adult children, Thomas Pate and Mrs. Frank Turbo.

In order to sustain recovery against the truck company it was necessary for the jury to find that Schwarz was acting within the scope of his employment when the accident occurred. This could be shown either by direct evidence or by resort to a presumption. *Robertson Tank Lines, Inc. v. Van Cleave,* 468 S.W.2d 354 (Tex. Sup.1971). The plaintiffs chose the latter

method. As such they were required to prove that Schwarz was an employee of Theobold and that Theobold owned the truck. *Robertson Tank Lines, Inc. v. Van Cleave, supra.* While there is abundant evidence that Schwarz was Theobold's employee, there is none that it was Theobold's truck. The failure to prove ownership precludes operation of the presumption which would support the jury's finding. Since there is no direct evidence which would support that finding, it must fall, and with it, any recovery against Theobold Trucking or W. D. Theobold.

■ Similarly, there is no probative evidence to support an award to the deceased's adult children. Adult children may recover for the death of their parent, *Hartzell Propeller Company v. Alexander,* 485 S.W.2d 943 (Tex.Civ.App.—Waco, 1972, writ ref'd n. r. e.), but there must be evidence to support that recovery. Here there was none.

While we agree with the trial court's action on these matters, we believe that it erred in entering judgment non obstante veredicto in favor of Southern Pacific, and, further, that despite the cross-points brought by Southern Pacific, judgment on the verdict should be rendered against it.

Initially, we hold that the jury's failure to find Pate contributorily negligent was proper. It has never been suggested that Pate's negligence caused the pickup to become stalled on the railroad tracks. Further, Southern Pacific has admitted that when he abandoned the truck he had "sufficient time . . . to place himself in a position of safety," so there can be no allegations that he unreasonably delayed his exit. Instead, the claim is that he negligently failed to place himself in a position of safety after leaving the truck by failing to go to a place where he would not be struck by the truck. In particular, Southern Pacific claims that Pate should not have run away from the train as he did, in a direction roughly parallel to the tracks, since he should have known that this was the direction the truck would most likely go after being struck by the train.

■ Stated abstractly, Southern Pacific's allegation is that the failure to anticipate the flight direction of an object which a person knows will be struck by a railroad train coupled with the failure to remove himself from that anticipated path of flight, constitutes negligence. Given the difficulty of making these calculations in the presence of such relative uncertainties as the pickup truck's weight, its angle and position on the crossing, and the speed and weight of the train, it cannot be said as a matter of law that Pate's failure to anticipate the direction and distance the pickup would move after being hit constituted negligence, nor can it be said that the great weight and preponderance of the evidence demands such a finding.

In attempting to establish its position, Southern Pacific cites a number of cases which hold that a person who steps or drives in front of a moving train is negligent as a matter of law. These cases are not in point, however, since the failure to compute properly and anticipate the path a resting object will take after being struck by an external force and the failure to remove oneself from that path is clearly different from entering and remaining in the certain, immutable, path of an already moving object not subject to change of direction by external force.

■ It remains, of course, that Southern Pacific's own negligence must be established. According to the testimony of several witnesses, Pate's truck was motionless on the crossing for a considerable length of time, the railroad tracks are straight for roughly three quarters of a mile before reaching the crossing, and the view of the crossing is unobstructed. From these facts the jury could properly conclude that the engineer saw Pate's truck in such a position that he should have determined that it would be unable to clear the crossing before the train arrived, that there was sufficient time and distance to stop the train without hitting the pickup, and that the engineer failed to do this.

■ Southern Pacific introduced testimony which contradicted this view, but that, as such, is not controlling. The trier of

facts is the proper judge of the weight and credibility of the witnesses' testimony and is required to resolve the conflicts and inconsistencies in the testimony. *E. g., Williford v. Masten,* 521 S.W.2d 878 (Tex.Civ. App.—Amarillo 1975, writ ref'd n. r. e.).

We hold that the jury properly concluded that Southern Pacific was negligent.

■■■ Further, we find no impediment to its finding that Southern Pacific's negligence proximately caused Pate's death. There is no doubt that it was a factual cause of the death and it can reasonably be said that Southern Pacific could have foreseen that colliding with the pickup would cause personal injuries to someone, it not being necessary that the exact nature of the accident be foreseeable. *Biggers v. Continental Bus Systems,* 157 Tex. 351, 303 S.W.2d 359 (1957). Additionally we note that the question of proximate causation is one peculiarly within the province of the jury, and that jury findings on it will only be set aside in the most exceptional cases. *Enloe v. Barfield,* 422 S.W.2d 905 (Tex.Sup. 1967).

In the final two points it raises, Southern Pacific complains of the form of special issue one. That issue was as follows:

Whose negligence, if any, do you find from a preponderance of the evidence proximately caused the death of Carl Pate on the occasion in question?

Answer by stating one of the following choices, writing out your choice in the blank below:

(a) Southern Pacific Transportation Company,

or

(b) Theobold Trucking Company,

or

(c) Carl Pate,

or

(d) Any combination of Southern Pacific Transportation Company, Theobold Trucking Company, and Carl Pate,

or

(e) No one.

It is urged that this is overbroad, indefinite, an invitation to speculation, and possibly confusing to the jury. We do not agree.

We believe that the current language of Rule of Civil Procedure 277 authorizes such submissions and find no error.

All of Southern Pacific's points on this appeal have been considered and all, except those complaining of awards to Thomas Pate and Mrs. Frank Turbo, are overruled.

In summary, we affirm the judgment that all plaintiffs take nothing against defendants Theobold Trucking Company and W. D. Theobold, and that Thomas Pate and Mrs. Frank Turbo take nothing against any defendant, but reverse the judgment in favor of Southern Pacific Transportation Company and order that plaintiff Mrs. Sarah H. Pate, individually and as representative of her husband's estate, recover $149,466.50, together with interest thereon, from Southern Pacific, and that plaintiff Jerri Lu Pate Shindler recover $25,000, together with interest thereon, from Southern Pacific, each such amount being the award given them in the jury's verdict, plus the stipulated funeral expenses.

ON MOTION FOR REHEARING

On rehearing Southern Pacific urges us to reconsider our holding on the submission of the negligence issue in light of *Scott v. Atcheson Topeka & Santa Fe Ry. Co.,* 21 Tex. Sup.Ct.J. 126 (Jan. 4, 1978), *reh. den. per curiam,* 21 Tex.Sup.Ct.J. 419 (June 7, 1978). In that case the supreme court held that the submission of a broadly worded ultimate fact issue which fails to limit the jury's consideration to those acts or omissions raised by both the pleadings and the evidence, where one or more pleaded acts or omissions are unsupported by evidence, is error. The court also held that a simple objection to the special issue was sufficient to preserve the error.

■■■ Southern Pacific is correct in asserting that such an error was made. The plaintiffs pled a number of specific negligent acts and omissions by Southern Pacific concerning which no evidence was introduced. Southern Pacific made an adequate objection.

■■■ We hold, however, that this error was harmless since the record before us does not reflect whether the pleadings were

ever before the jury. At the time this case was tried a party had, during opening arguments, the option to either read his pleading or to state the nature of his claim or defense, but not to do both. Tex.R.Civ.P. 265(a) (1977).[1] The record does not disclose how the plaintiffs exercised this option. It seems clear that the policy behind requiring evidentiary support for the pleadings is to prevent the jury from answering a question based solely on an idea injected into the trial by assertion and without proof. Where there is no showing that the assertion which might have colored the jury's thinking was made, the appellate court cannot assume that it was made, and a matter of which the jury was ignorant assuredly cannot have affected its verdict. Tex.R. Civ.P. 434.

Moreover, we note that the trial court repeatedly instructed and admonished the jury to decide the case strictly on the basis of the evidence presented. We will not indulge the presumption that the jurors ignored such instruction and admonition.

Appellee Southern Pacific Transportation Company's motion for rehearing is overruled.

---

1. The current version of rule 265(a) no longer provides for this option; a party must briefly state the nature of his claim or defense plus what he expects to prove and the relief he seeks. Therefore the problem of matters pled but not proven may be largely mooted since it is difficult to conceive of a suit in which the jurors would be aware of what has been pled and therefore possibly influenced by it.